### GOO v. UNITED STATES.

#### No. 12620.

United States Court of Appeals
Ninth Circuit.

Feb. 9, 1951.

Writ of Certiorari Denied April 23, 1951.

See 71 S.Ct. 735.

J. Garner Anthony, Robert E. Brown, Honolulu, T. H. (Robertson, Castle & Anthony, Peter A. Lee, all of Honolulu, T. H., of counsel), for appellant.

Ray J. O'Brien, U. S. Atty., Howard K. Hoddick, Asst. U. S. Atty., Honolulu, T. H., Frank J. Hennessy, U. S. Atty., San Francisco, Cal., for appellee.

Before ORR and POPE, Circuit Judges, and GOODMAN, District Judge.

PER CURIAM.

Appellant was convicted in the United States District Court for the District of Hawaii, on his plea of guilty to an information charging criminal violations of the Internal Revenue Code. Upon this appeal from the judgment of conviction, he claims the District Court erred in denying his motion, made pursuant to 32(d) Fed.Rules Crim.Proc. 18 U.S.C.A., to withdraw his plea of guilty.

He contends that Section 32(d) of F.R. C.P. confers upon him the absolute right to withdraw his guilty plea at any time prior to imposition of sentence.

■ We find no merit in this contention. There is complete uniformity in the authorities to the effect that no such right exists and that motions to withdraw guilty pleas are addressed to the sound discretion of the trial court. This is true as to 32(d) of F.R.C.P. and also as to motions under former Rule II(4) of the Rules of Criminal Procedure promulgated by the Supreme Court pursuant to the Act of March 8, 1934. We deem it unnecessary to cite the numerous decisions to that effect.

■ The record does not support appellant's contention that the trial court abused

its discretion in denying his motion to withdraw the guilty plea. The main reason urged in support of the motion was that appellant wished to investigate income tax deductions of which he might avail himself for the years 1946 and 1947. Such matters would not have been admissible by way of defense and would have no bearing on the defendant's guilt or innocence of the charges set forth in the information, which involved prior years. Hence the District Court properly exercised its discretion in denying the motion.

Affirmed.