No. 14860

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

———————————

THE STATE OF MONTANA,

Plaintiff and Respondent,

vs.

JOHNNIE BURTON HAYNIE,

Defendant and Appellant.

———————————

Appeal from:   District Court of the Eighth Judicial District,
               Honorable Joel G. Roth, Judge presiding.

Counsel of Record:

   For Appellant:

      Asselstine, Strause & Anderson, Great Falls, Montana
      Howard Strause argued, Great Falls, Montana

   For Respondent:

      Hon. Mike Greely, Attorney General, Helena, Montana
      Richard Larson argued, Assistant Attorney General,
       Helena, Montana
      J. Fred Bourdeau, County Attorney, Great Falls, Montana
      Michael G. Barer argued, Deputy County Attorney,
       Great Falls, Montana

———————————

Submitted:   February 20, 1980

Decided: MAR 12 1980

Filed: MAR 12 1980

Thomas J. Kearney
_____
                 Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Johnie Burton Haynie appeals from an order denying both his application for post-conviction relief and his motion to withdraw a guilty plea. The order was entered by the District Court, Eighth Judicial District, Cascade County.

On October 11, 1973, an eleven count information was filed in the District Court, Cascade County, charging Haynie with one count of indecent exposure, two counts of committing an infamous crime against nature, three counts of second degree assault, two counts of committing a lewd and lascivious act upon a child and three counts of rape. The alleged incidents involved five different women, including at least two minors.

On that same day, Haynie appeared before the District Court to hear the charges against him. Haynie was told he would be given as much time as was necessary to prepare his pleas. Haynie waived time to prepare his pleas and pleaded not guilty to all the charges. After the pleas were entered, Haynie moved for a psychiatric evaluation. The motion was granted.

At this same time, Haynie was facing a forcible rape charge in California. Between October 11, 1973 and December 5, 1973, plea bargain negotiations took place between the State, Haynie and Haynie's defense counsel. The whole point of the negotiations was to see if Haynie might take advantage of California's broader facilities for treating Haynie's admitted sex problem. During these plea negotiations, both the State and defense counsel advised Haynie of the maximum penalties involved in all eleven of the Montana charges. They also advised Haynie of his constitutional rights and that he would waive those rights by entering a guilty plea.

Haynie appeared in the District Court with his defense counsel on December 5, 1973. As a result of the plea bargaining, Haynie pleaded guilty to count nine of the information, rape. In return, the State moved to dismiss the remaining ten counts of the information. Haynie's plea was accepted, and the State's motion was granted.

The District Court continued sentencing until after a determination of the California forcible rape charge. All parties agreed Haynie would be returned to Montana if found not guilty of the California charge. If Haynie was found guilty or pleaded guilty in California, the Montana District Court would postpone sentencing Haynie on count nine until after California determined whether Haynie's problem could be treated. Haynie was to be brought back to Montana for sentencing upon such a determination. The District Court explained to Haynie it could not control what the California court would do. The District Court also explained it was reserving its full discretion to impose any sentence on Haynie it deemed suitable. Haynie expressed his understanding.

On December 7, 1973, Haynie waived extradition. He was transferred to California four days later. Haynie plead guilty to the California forcible rape charge on February 26, 1974. He was sent to an institution for "mentally disordered sex offenders" for a determination of his chances for rehabilitation. Haynie was determined not to be amenable to treatment. On August 23, 1974, the California court sentenced Haynie to an indeterminate sentence of three years to life.

While serving his California sentence, Haynie requested to be returned to Montana for sentencing on count 9. He was transferred to Montana under the Interstate Agreement on Detainers.

On December 10, 1974, Haynie appeared in the District Court, Cascade County. He was informed his former defense counsel was now the Great Falls city attorney and would not be able to represent Haynie during the sentence proceeding. Haynie was told a public defender would be appointed.

Haynie appeared in the District Court for sentencing on January 22, 1975. No presentence report was ordered. The District Court knew Haynie's juvenile record and his prior criminal record. Haynie was represented at the sentence hearing by Vaughn Barron. Barron was the first defense counsel to talk to Haynie since his return from California. Barron first met Haynie shortly before the sentence hearing. Upon being informed of this, the District Court asked Haynie if he wanted time to talk to Barron. Haynie said he wanted to go ahead with the sentencing. The District Court next asked Haynie if he was ready for sentencing now. Haynie answered that he was.

Haynie was found to be a dangerous offender because of his prior sex crimes. He was sentenced to 99 years at hard labor in the state penitentiary. The sentence was to be served consecutively with the California sentence. Prior to sentencing, the District Court did not inform Haynie of the maximum possible sentences for rape or the other dismissed charges.

Haynie was returned to California where he was incarcerated until August 1977. After the completion of his California sentence, Haynie was returned to Montana to begin his rape sentence.

Upon his return, Haynie applied to the Montana Sentence Review Board. On October 24, 1978, that Board decided not to disturb Haynie's sentence.

-4-

On February 20, 1979, Haynie filed his application for post-conviction relief. The application alleged Haynie was denied effective assistance of counsel at the 1975 sentence proceeding. On April 2, 1979, Haynie moved to withdraw his guilty plea to count 9. Haynie asserted the District Court did not inform him at the time he entered his plea of the maximum possible sentence for rape. Three hearings were held on the application and motion. Haynie was represented by court-appointed counsel.

The District Court denied both the application and the motion on the grounds (1) Haynie waived his right to counsel at sentencing, (2) Haynie's guilty plea was properly accepted, and (3) Haynie's challenges were not timely.

On July 20, 1979, Haynie moved for a reconsideration of the above order. A hearing was held on August 3, 1979, and the motion was denied on August 6, 1979. This appeal followed.

The issues upon appeal are whether the District Court erred in denying Haynie's petition for post-conviction relief and his motion to withdraw his guilty plea. There was no error.

An indigent criminal defendant has a right to counsel at sentencing. However, that right is akin to any other constitutional right and may be lost by a knowing and understanding waiver. Petition of Brittingham (1970), 155 Mont. 525, 529, 473 P.2d 830, 832. The nature of such a waiver was described in Johnson v. Zerbst (1938), 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 1466, as follows:

> "A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver of right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused."

-5-

Under the facts of this cause, Haynie knowingly and understandingly waived his right to more extensive counsel at sentencing.

Haynie knew he was entitled to an attorney at sentencing. Haynie was not a novice to the criminal justice system. Haynie's past criminal record is extensive, and Haynie had previously appeared before this particular sentencing judge on at least two similar but unrelated charges. Thus, the sentencing judge was familiar with Haynie's background and had several opportunities to observe Haynie's understanding of the criminal justice system. More importantly, the first thing Haynie did at the sentence hearing was to ask that the record reflect his lack of counsel at sentencing.

Haynie was offered counsel at the sentence hearing but rejected the offer. Both Haynie and his attorney, Barron, told the District Court Haynie did not have an opportunity to talk with counsel prior to the hearing and Barron was merely "stand-in" counsel. At that point, the following colloquy occurred:

"THE COURT: Mr. Haynie, do you want time to talk to Mr. Barron?

"MR. HAYNIE: No, I'd just as soon he'd stand in for sentencing now.

"THE COURT: Are you ready now?

"MR. HAYNIE: Yes."

Upon appeal, Haynie claims he believed he would only be allowed a few minutes to talk with Barron and nothing could be accomplished in such a short time. Yet, both Barron and Clary, the prosecuting attorney, testified at the post-conviction hearing that they understood Haynie would be given as much time as Haynie believed was necessary to talk with counsel.

-6-

Haynie entered his plea with a knowledge of the maximum penalty possible for the crime charged. While Haynie denies this, both Glicko, Haynie's initial defense counsel, and Clary testified at the post-conviction hearing that Haynie was informed during plea bargain negotiations of the maximum possible sentences for the crimes charged.

Having decided that Haynie knowingly and understandingly waived his right to counsel, we will not reach the State's contention that Haynie is barred by laches from attacking the sentence procedure.

Haynie next contends he should be allowed to withdraw his guilty plea to count 9 since the District Court failed to inform him of the maximum possible sentence for rape. We do not agree.

A change of plea will be permitted only if it fairly appears the defendant was ignorant of his rights and the consequences of his act, or he was unduly and improperly influenced either by hope or by fear in making the plea, or if it appears the plea was entered under some mistake or misapprehension. State v. McAllister (1934), 96 Mont. 348, 353, 30 P.2d 821, 823. Each case must be examined on its own record. The motion rests within the District Court's discretion, and the exercise of that discretion will not be disturbed absent an abuse of discretion. State v. Nelson (1979), ____ Mont. ____, 603 P.2d 1050, 1053, 36 St.Rep. 2228, 2232.

We hold the District Court did not abuse its discretion in denying Haynie's motion to withdraw his guilty plea.

There are three important considerations involved in a criminal defendant's attempt to withdraw his guilty plea. These are (1) the adequacy of the District Court's interrogation at the time the plea was entered as to the defendant's

-7-

understanding of the plea, (2) the promptness of the motion to withdraw the plea and, (3) the fact the plea resulted from plea bargaining. State v. Nelson, supra, 603 P.2d at 1053, 36 St.Rep. at 2232.

The District Court's interrogation of Haynie at the time his plea was entered was inadequate. Haynie was never informed of his constitutional rights or that he would waive those rights by entering a guilty plea. Haynie was also not informed by the District Court of the maximum possible sentence for rape. Nor did the District Court find out whether Haynie was dissatisfied with his defense counsel. Finally and most importantly, the District Court did not go into the underlying facts of the alleged offense, the name of the victim and the date and place of the alleged occurrence. But, these factors alone are not determinative.

The second consideration is the timeliness of the motion to withdraw the guilty plea. The guilty plea was entered on December 5, 1973. The first time Haynie expressed dissatisfaction with his plea was on April 2, 1979, the day the motion to withdraw the guilty plea was filed. Haynie has not explained this delay of over five years. Given this delay, the availability of witnesses would be a question, and even assuming their availability, the time lapse would most assuredly have erased the details of the crime from their memories. See State v. Lewis (1978), ____ Mont. ____, 582 P.2d 346, 35 St.Rep. 1089.

Haynie's plea was entered after extended plea negotiations. Although no written record of the plea bargain was kept, the State dismissed the 10 remaining charges against Haynie in exchange for Haynie's guilty plea to the charge of rape. At the time of the plea, the District Court explained to Haynie at great length that he would merely be given an opportunity for treatment and whatever treatment Haynie did or did not receive in California would not be determinative

-8-

of the Montana sentence he received. Haynie expressed his understanding several times. There is no question Haynie was competent to bargain or that he was satisfied with the competency of his defense counsel. See State v. Huttinger (1979), ____ Mont. ____, 595 P.2d 363, 36 St.Rep. 945.

To grant Haynie's motion to withdraw his guilty plea would be to allow Haynie to escape the obligations of his bargain. However, this Court will not aid an accused to escape the obligations of a plea bargain agreement after accepting the benefits thereof. State v. Huttinger, supra. 595 P.2d at 370, 36 St.Rep. at 954.

Taking these three factors together, we find it was not error to deny Haynie's motion to withdraw his guilty plea. Without explanation, Haynie waited almost 5 1/2 years to take exception to the plea. Moreover, Haynie voluntarily and understandingly entered the plea bargain with the sentence open. Haynie may not now seek to avoid the obligations of that bargain after accepting its benefits.

Having found no merit in Haynie's contentions, we affirm the District Court order denying Haynie's application for post-conviction relief and his motion to withdraw his guilty plea.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

I concur in the result.

_____
Justice

-9-