IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 80-445

STATE OF MONTANA,

     Respondent,

    v.

RICHARD L. MYERS,

     Petitioner and Appellant.

ORDER

FILED

MAY 8 - 1981

*Thomas J. Kearney*

CLERK OF SUPREME COURT
STATE OF MONTANA

PER CURIAM:

In 1979 petitioner, Richard Myers, petitioned the District Court of the Thirteenth Judicial District, in and for the County of Yellowstone, for post-conviction relief and a withdrawal of guilty plea. Petitioner claims that the District Court, in 1976, did not adequately inform and interview him when he pleaded guilty to burglary and felony theft charges. The District Court denied the later request. Petitioner appeals.

In July 1975 petitioner was charged in Yellowstone County with one count of burglary and one count of felony theft. Petitioner pleaded not guilty to the charges. On February 18, 1976, petitioner entered a plea of guilty to the burglary charge. The guilty plea was the result of plea negotiations with the county attorney's office, by which the prosecution agreed to dismiss the theft charge against petitioner and recommend a deferred imposition of sentence in return for the guilty plea to the burglary charge.

Petitioner later was arrested in a disturbance at a bar. Based on the incident, the stay of imposition of sentence was revoked and petitioner was sentenced to serve eight years in the Montana State Prison.

We have reviewed the petition, record, and memorandum in this case.

-1-

The District Court's interrogation is not in itself determinative of whether the guilty plea was entered into court voluntarily. State v. Haynie (1980), ____ Mont. ___, 607 P.2d 1128, 37 St.Rep. 415. We must look to a three-element test in deciding cases of this nature: (1) the adequacy of the court's interrogation; (2) the timeliness of the motion to withdraw; and (3) whether a plea bargaining agreement was made and, if made, whether the petitioner's motion will allow the defendant to escape the obligations of his agreement after accepting the benefits thereof.

The colloquy between the district judge and the petitioner at the time petitioner entered his guilty plea to the charge of burglary was inadequate. However, petitioner's prolonged delay in seeking to withdraw his guilty plea and the prosecution's fulfillment of a negotiated plea arrangement beneficial to petitioner justified the District Court's denial of petitioner's request for relief. We find no prejudice in this case or merit in petitioner's contentions.

The District Court's order denying petitioner's application for post-conviction relief and his motion to withdraw his guilty plea is hereby affirmed.

DATED this 3th day of May, 1981.

_____
Chief Justice

_____

_____

_____
Justices

-2-