761 P.2d 1151

**STATE of Idaho, Plaintiff–Respondent,**

v.

**James Alfred BALLARD, aka Curtis Edward Jackson, Defendant–Appellant.**

No. 16735.

Supreme Court of Idaho.

May 12, 1988.

On Denial of Rehearing Sept. 8, 1988.

Ada County Public Defender Alan E. Trimming, Deputy Public Defender Lansing L. Haynes (argued), Boise, for defendant-appellant.

Jim Jones, Atty. Gen., David R. Minert, Deputy Atty. Gen. (argued), Boise, for plaintiff-respondent.

McFADDEN, Justice Pro Tem.

The principal question presented in this appeal is whether the district court abused its discretion by refusing to allow a criminal defendant to withdraw his guilty plea. We also are asked to decide whether the court abused its sentencing discretion. For reasons stated below, we uphold the district court's rulings and affirm the judgment of conviction.

On October 19, 1983, James A. Ballard, aka Curtis Edward Jackson, pled guilty to one count of attempted manufacture of methamphetamine, a controlled substance. *See* I.C. § 37–2732. Ballard's guilty plea was pursuant to a plea bargain agreement in which the Ada County Prosecuting Attorney's Office agreed to dismiss one count of aggravated battery and one count of felony possession of a controlled substance. Further, the state was to limit its sentence recommendation to no more than an indeterminate ten-year prison sentence concurrent with an indeterminate three-year sentence in another matter. It was also understood that the state agreed not to seek revocation of defendant's bond pending sentence. Lastly, the state conditioned the plea bargain agreement with the understanding that in the event the defendant did not personally appear at his sentencing, the state would then be allowed to proceed on the two dismissed felony counts, plus file a new charge for failure to appear, and be released from any sentencing recommendation restrictions.

Prior to accepting Ballard's plea of guilty, the court inquired as to the factual basis for his plea. The trial court accepted Ballard's guilty plea after extensively explaining to Ballard the effects of the guilty plea and questioning him with regard to all relevant elements of the crime. The court also granted Ballard's request to stay free until sentencing so he might "finish straightening up his personal affairs." Ballard did not appear for sentencing. Nearly three years later, in 1986, after Ballard had been apprehended in California and returned to Idaho, Ballard filed a motion to withdraw his guilty plea. That motion was denied. Although the trial court recognized that generally motions to withdraw a guilty plea before sentencing are to be liberally allowed, it found that Ballard's circumstances did not warrant the granting of his motion. The court reasoned:

"Those principles are good principles. However they don't have much applicability in this case where the defendant has absented himself for a period of some three years. I think that is a significant prejudice to the prosecution and precludes the withdrawal of the plea at this point. I will deny the motion to withdraw the guilty plea. I will set the matter over for sentencing."

On November 17, 1986, the defendant was sentenced to the maximum, a fixed term of fifteen years to run concurrently with a term of imprisonment imposed by California courts.

On this appeal Ballard contends that his plea of guilty was qualified in that he never admitted the intent element and that, in effect, he was merely taking advantage of the favorable terms in the plea bargain agreement. The issues of this appeal involve I.C.R. 33(c).[1]

I

■ Preliminarily, we must determine whether Ballard's plea was voluntarily and

1. "[Idaho Criminal] Rule 33. Sentence and judgment.— ...

....

"(c) Withdrawal of plea of guilty. A motion to withdraw a plea of guilty may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

intelligently given. *See State v. Colyer*, 98 Idaho 32, 557 P.2d 626 (1976). The trial court judge extensively questioned the defendant as to the basis of his guilty plea. The record indicates that Ballard (1) was specifically informed regarding the effect of his guilty plea on his rights, (2) was informed in detail of the elements of the crime to which he was pleading guilty, and (3) understood fully the implications of the guilty plea. The trial court judge began the hearing by reading Count II (Attempt to Manufacture Controlled Substance) to Ballard. The judge then questioned Ballard about the facts behind the crime, his intentions to commit the crime, the elements of the crime, Ballard's desire to waive his constitutional rights, whether Ballard had sufficiently discussed the plea with his attorney, and whether he wanted more time to make the decision. After Ballard had sufficiently answered each of these inquiries, the trial court judge then concluded:

> "THE COURT: Based upon the statements that have been made, it appears that the plea of guilty is given knowingly, voluntarily. It appears that there is a factual basis. There are some reservations concerning that, but it appears that the Defendant knowingly approaches that and has waived any claims of a defense. I will, therefore, accept the plea of guilty."

The record fully sustains the district court's conclusion that Ballard's guilty plea was given knowingly and intelligently, and was voluntarily made.

## II

The primary issue in this appeal is whether the district court abused its discretion in denying Ballard's motion to withdraw his guilty plea. *See State v. Simons*, 112 Idaho 254, 731 P.2d 797 (Ct.App.1987). In *State v. Howell*, 104 Idaho 393, 659 P.2d 147 (Ct.App.1983), the Court of Appeals discussed the discretion vested in trial judges by I.C.R. 33(c):

> "A grant of discretion allows the court to decide each question on its own merits, considering the circumstances which are peculiar to that situation. 'Discretion ... allows the individualization of law and permits justice at times to be handmade instead of mass produced.' (Citations omitted.)

> "In our view the proper exercise of such discretion requires identifying the *conflicting factors* which should bear on the decision, and arriving at a decision based on a well-reasoned consideration of those factors." 104 Idaho at 396–397, 659 P.2d 147 (emphasis added).

The exercise of this discretion is affected by the timing of the motion to withdraw the guilty plea. As indicated by Rule 33(c) itself, a motion made after sentencing may be granted only "to correct manifest injustice." A less rigorous standard applies to a motion made before sentencing. This is illustrated by *State v. Henderson*, 113 Idaho 411, 744 P.2d 795 (Ct.App.1987), where the Court of Appeals determined that the district court had abused its discretion in denying a defendant's motion to withdraw his plea before sentencing. In that case the Court of Appeals delineated the legal requirements for defendants who seek to withdraw a plea of guilty before sentencing. First, the defendant must present a just reason for withdrawing the plea. Once the defendant has met this burden, the state may avoid the granting of the motion by demonstrating that prejudice would result from withdrawal of the plea. 113 Idaho at 414, 744 P.2d at 798. *Also see United States v. Webster*, 468 F.2d 769 (9th Cir.1972) (holding that the failure to present and support a plausible reason, even absent prejudice to the prosecution, will dictate against granting withdrawal).[2]

---

**2.** I.C.R. 33(c) is the same as Federal Rule 32(d), and thus federal case law is relevant to the resolution of this case. Our review of federal case law failed to reveal a case that is on all fours factually with this case. However, the federal cases are clear that: (1) presentence withdrawal of a guilty plea is not an automatic right, *United States v. Barker*, 514 F.2d 208, 221 (D.C.Cir.1975); *Goo v. United States*, 187 F.2d 62 (9th Cir.1951); (2) the defendant has the burden of proving that the plea should be withdrawn, *Everett v. United States*, 336 F.2d 979, 984 (D.C.

■ Thus, we must examine Ballard's grounds for his motion for withdrawal of his plea. After being recaptured in California and brought back to Idaho, Ballard filed a motion to withdraw the guilty plea under I.C.R. 33, alleging that the original plea was made under duress from the police authorities. However, he later abandoned that allegation. At a hearing on the motion, Ballard's counsel indicated that

"defendant's motion to withdraw the guilty plea is changed in its nature since receipt of the transcript of the entry of the plea. The defendant is no longer alleging that he was under the influence of narcotics or any duress.

"I think that the true nature of our motion to withdraw at this point is based on the fact that defendant entered his guilty plea pursuant to a plea bargain, and on October the 19th he pled guilty to count two of the information, he went on the record that counts one and three would be dismissed and the state would be limiting itself to an indeterminate 10–year recommendation.

"The state further agreed not to seek a revocation of the bond and reserved for themselves the right to proceed on all charges, plus any new charges should Mr. Jackson not appear for sentencing. And, in fact he did not appear, and I understand now that the state has exercised its option to withdraw its plea bargain and proceed against Mr. Jackson without a ceiling to its sentencing recommendation and has, in fact, charged him with a new felony, failure to appear in front of Judge McKee."

In effect, then, Ballard's position was that the state somehow had breached the plea bargain agreement. We disagree. In that agreement, Ballard acknowledged that the state would be released from its commitments if Ballard (who was then free, based on his promise to return for sentencing)

failed to appear for the sentencing. When Ballard absconded from the jurisdiction, failing to show up for the sentencing, the state was entitled to bring escape charges against him and to withdraw its recommendation on sentencing.

In summary, Ballard did not demonstrate a just reason for withdrawal of his plea; consequently, the state was not required to show it would be prejudiced by the granting of Ballard's motion. We conclude that it was not an abuse of discretion for the district court to deny the motion to withdraw the plea.

### III

■ Finally, Ballard has contended that the district court abused its discretion in sentencing him to a fixed fifteen-year prison term. Where a sentence is within the statutory limits set out by the legislature, it will not be disturbed on appeal unless there is a clear showing of abuse of discretion. *State v. Seifart,* 100 Idaho 321, 597 P.2d 44 (1979); *State v. Wolfe,* 99 Idaho 382, 582 P.2d 728 (1978); *State v. Chapa,* 98 Idaho 54, 558 P.2d 83 (1976). The sentence imposed on Ballard was within the statutory limits and, based on the findings of the district court, did not constitute an abuse of discretion. As the trial court pointed out, in addition to Ballard's conviction for the attempt to manufacture a controlled substance, he also had intentionally left the State of Idaho to avoid the sentence. This action resulted in the forfeiture of the security which was his mother's home. Ballard was additionally involved in subsequent drug-involved crimes and convicted for them. He was previously involved in a killing. The district court's determination that society needed to be protected from Ballard for a substantial period of time was reasonable, based on these factual findings.

Cir.1964); (3) the standard of review in these cases is an "abuse of discretion" standard, *United States v. Rasmussen,* 642 F.2d 165, 167 (5th Cir.1981); *United States v. Barker, supra* at 220; *Dorton v. United States,* 447 F.2d 401 (10th Cir. 1971); *Everett v. United States, supra* at 982; (4) prejudice to the state is not a necessary finding for rejection of a motion to withdraw plea,

*United States v. Rasmussen, supra* at 168; however, a showing of prejudice may be sufficient to support a denial; (5) the fact that the withdrawal of a guilty plea would substantially inconvenience the trial court is a proper factor for consideration on motion to withdraw a guilty plea, *United States v. Barker, supra* at 222.

Accordingly, the judgment of conviction is affirmed.

BAKES, J., and BURNETT, J. Pro Tem., concur.

HUNTLEY, Justice, dissenting.

I dissent from the majority opinion on the basis that, despite the unusual circumstances of this case, the State should nevertheless be required to keep its word in the bargain it struck. Ballard entered a guilty plea based upon an agreement by the State that it would limit its sentence recommendation to no more than an indeterminate ten-year sentence concurrent with an indeterminate three-year sentence in another matter.

Despite the subsequent wrongful acts of Ballard, the State is not entitled to retain the guilty plea unless it wishes to abide by the obligations it undertook in the plea bargain.

The appropriate remedy is to allow the withdrawal of the plea and set the case for immediate trial, which would undoubtedly result in the State obtaining a conviction while retaining its honor.

BISTLINE, Justice, dissenting.

When an accused pleads guilty, monumental constitutional rights are waived. These include the right to: face one's accusers; a jury trial; testify on one's own behalf; have the state prove guilt beyond a reasonable doubt; stand mute during the proceedings; call witnesses; appeal a conviction if there are any errors of law; and suppress illegally seized evidence. Given the importance of the rights given up, when a guilty plea is entered, trial judges scrutinize the plea to make sure the same is given knowingly, voluntarily, and intelligently. *E.g., State v. Colyer*, 98 Idaho 32, 557 P.2d 626 (1976). Unfortunately, however, the majority fails to recognize that the withdrawal of a guilty plea prior to sentencing merely allows one to exercise the constitutional rights to which every accused is guaranteed. Instead, the Court holds that one must advance a "just reason" for the withdrawal. This is an unjust-

ifiably high hurdle over which the defendant must jump.

The *relevant* inquiry should be whether the withdrawal of the plea is prejudicial to the prosecution. "Judges can and do tolerate [a] less strict standard for presentence withdrawal because the inconvenience to court and prosecution from a change of plea is usually slight compared to the interest in protecting the accused's right to trial by jury." Bond, *Plea Bargaining and Guilty Pleas*, § 7.4 at 7–11 (1983). In Georgia, one has an absolute right to withdraw a presentence plea of guilty. *Hamm v. State*, 123 Ga.App. 10, 179 S.E.2d 272 (1970). Michigan courts permit withdrawal with "great liberality." *People v. Price*, 85 Mich.App. 57, 270 N.W.2d 707 (1978). *See also McWherter v. State*, 571 S.W.2d 312 (Tex.Cr.App.1978) ("liberal practice" prevails in Texas). As a general rule, moreover, "federal courts will usually permit the presentence withdrawal of a guilty plea as a matter of course." *Bond, supra*, at 7–8.

I could readily agree with the Court's result—if the prosecution had established prejudice. Prejudice might likely occur where, as here, the defendant absents himself from the state for an extended period. *E.g., State v. Haynie*, 186 Mont. 374, 607 P.2d 1128 (1980) (after six years had elapsed, government witnesses may have disappeared or their powers of recollection could have diminished). However, no such showing has been made in the case at bar. Presumably, then, the state can demonstrate no prejudice.

The majority is obviously blinded by the fact that appellant illegally absconded from the state for three years. Hence the refusal to let him withdraw his plea is prima facie vindictive. This is inappropriate. Available to the state is the right of filing a separate charge for his failure to appear. By focusing the inquiry on whether appellant has submitted a "just" reason for withdrawal, rather than whether the prosecution has been prejudiced, the majority emasculates the rights of the defendant in this case and all persons accused in future cases. It is not a happy day for those who

strive for the achievement of the evenhanded administration of the criminal justice system.

## ON DENIAL OF PETITION FOR REHEARING

McFADDEN, Justice Pro Tem.

In a petition for rehearing, Ballard has argued that our lead opinion focuses improperly upon the voluntariness of his plea and fails to recognize his alleged entitlement to withdraw the plea before sentencing. For reasons explained below, we adhere to our announced decision, 114 Idaho 799, 761 P.2d 1151.

When a defendant seeks to withdraw a plea under I.C.R. 33(c), it is appropriate—albeit not always necessary—to determine whether the plea was made voluntarily. If the plea is invalid due to a lack of voluntariness, then the Court need not consider other asserted grounds for relief under the rule. Thus, in the present case, our lead opinion examines the threshold question of voluntariness. Upon finding that the plea was entered voluntarily, we then consider whether any other ground exists for withdrawing the plea.

On appeal, only one such ground has been asserted. Ballard contends that if the state is free to disregard certain provisions of the plea bargain agreement, then he should be relieved of the plea itself. Although this contention may seem intuitively attractive, it conflicts with the actual terms of the agreement.

As noted in our lead opinion, Ballard pleaded guilty to one of three charges against him. In return for his plea, the state agreed to dismiss the other charges, to recommend no more than a ten-year indeterminate sentence on the charge to which he pleaded guilty, and to allow him to remain free on bail while awaiting the imposition of sentence. However, the parties further agreed, as part of the plea bargain, that if Ballard did not appear for sentencing as scheduled, the state would be at liberty to reinstate the dismissed charges, to recommend any sentence, and to file an additional charge for the failure

to appear. Thus, when the bargain was struck, Ballard received immediate benefits which constituted fair consideration for his plea. Those benefits continued in force until Ballard engaged in the unilateral act of failing to appear for sentencing.

When Ballard was apprehended and returned to the district court, he evidently became aware that the state would no longer limit its sentencing recommendation to ten years. Ballard moved unsuccessfully to set aside his plea. After this motion had been heard and denied, the state did in fact recommend a longer sentence—a fifteen-year fixed term. In our view, the state neither breached nor disregarded the plea bargain agreement in making this sentence recommendation. In our view, the state neither breached nor disregarded the plea bargain agreement in making this sentence recommendation. Rather, it exercised a right reserved, and expressly recognized, in the agreement itself. Consequently, we adhere to our earlier conclusion that Ballard was not entitled to withdraw his guilty plea on the ground that the state had acted contrary to the plea bargain.

A broader question, framed by Justice Bistline's dissent and echoed in the petition for rehearing, is whether Ballard needed any reason at all to withdraw his plea. Our lead opinion follows decisions by the Idaho Court of Appeals and by numerous federal courts, requiring a defendant to show a "just" reason for withdrawing his plea before sentencing. These decisions hold that when a just reason is presented, the defendant is entitled to relief unless the state makes a strong counter-showing of unfair prejudice.

■ We believe that the threshold requirement of a just reason is not an onerous burden. It is a reasonable requirement, to be administered liberally and with due recognition of the serious consequences attending a guilty plea. *See generally*, 3 C. Wright, Federal Practice and Procedure, Criminal § 538 (1982). A defendant's constitutional rights, such as the right to a jury trial and the right to put the government to its burden of proof, are not impermissibly abridged by requiring a just reason for withdrawing a plea which the

defendant voluntarily made and which the court accepted after careful inquiry. Indeed, the United States Supreme Court (with the acquiescence of Congress) has promulgated a rule, similar in function to I.C.R. 33(c), incorporating the case law requirement of a "fair and just reason" for withdrawing a plea before sentence is imposed. *See* F.R.Crim.P. 32(d) (1983 amendment).

Here, the problem is that Ballard has presented no reason for withdrawing his plea other than the allegation that the state somehow breached the plea bargain agreement. Even the most liberal interpretation of a "just" reason cannot include a facially incorrect allegation. Our decision on this point is not a blind reaction to Ballard's conduct in leaving the state. Rather, it focuses on the more precise question whether Ballard presented a just reason to withdraw his plea. The answer to that question, we again conclude, is "no."

Accordingly, the petition for rehearing is denied.

BAKES, J., and BURNETT, J. Pro Tem., concur.

BISTLINE, Justice, dissenting on denial of Petition for Rehearing.

First, it is noted that the plea bargaining is viewed as a contractual transaction—out of which "Ballard received immediate benefits which constituted fair consideration for his plea." (At 804, 761 P.2d at 1156). Part of the supposed consideration running to the state was the state's retained *threat* to request a longer sentence in the event that Ballard failed to appear for sentencing. This by the majority is perceived to be a "reserved right" of the state—one which it proceeded to exercise.

My inability to agree is based on notions of what is wrong and what is right. I do understand plea bargaining. I do not understand that an integral part in reaching a plea bargain includes the right of the state to threaten the defendant with a more severe sentence based upon nothing but prosecutorial vindictiveness should the defendant not present himself for sentencing. The state had no right in its superior bargaining position to exact from Ballard such

a reserved right. There simply is no such right, and it was a pure case of unconscionable overreaching. As Justice Huntley has previously pointed out, when a defendant fails to show up for sentencing—as ordered—the state has adequate remedies. One is reminded of *State v. Johnson*, 101 Idaho 581, 618 P.2d 759 (1980), wherein Justice McFadden joined my dissenting opinion in a case which, although not exactly the same as this, had the same overtones of unconscionability. There the defendant was sentenced, but being a college student, requested and was granted a few days' reprieve to get his affairs in order before turning himself into the sheriff's custody for transportation. As I remember it, Johnson was a black youth, and probably not overly enthusiastic about serving even a three year indeterminate term in the Idaho penitentiary. At any rate, Johnson did as Ballard has done—he betook himself elsewhere—notwithstanding that the judge at sentencing warned him, "Now you understand that if you do run, you are going to be brought back and if that happens, I can promise you I am going to bring you in for resentencing, and the sentence will be much more severe . . . if you do not show up, you are going to be returned here and the full sentence allowable under the law will be imposed." 101 Idaho at 582–83, 618 P.2d at 760–61. Although the terminology wasn't used, this "reserved right" was utilized and Johnson's sentence, after being apprehended, was increased to the maximum, five years determinate. A majority of three upheld this display of vindictiveness, notwithstanding two dissenting views which pointed to strong authority, much of it from the Supreme Court of the United States, holding that it could not be done. 101 Idaho 585–590, 618 P.2d at 763–68.

When that formidable array of law did not change any votes, I put it aside, and relied upon reasoning. Much of what I wrote then is as applicable to Ballard's case as it was to Johnson's. I cannot hope to improve upon it, and repeat it in bringing Ballard's case to a close.

Even were there not the abundance of law on the issue which should guide the Court today in the correct direction, or were there no law at all, the monstrosity

of the proposition, as viewed by laymen, is such that an appellate court should have no trouble in reaching a correct resolution. A defendant has pleaded guilty, and has gone before the court to receive his sentence. The court gives thorough consideration to his crime, and to the particular offender, and searchingly reaches a decision that three years of imprisonment is appropriate. Judgment is so entered. The court minutes are promptly drawn to show the proceeding and the sentence imposed.

In what has to be considered a commendable display of leniency (and without any statutory authority to which reference might be made) the court, in furthering sentence imposed, places on defendant the duty of delivering himself to the jail house door—but allows defendant three days of "travel-time" in which to do so.

Now, where that defendant fails in the trust placed in him, should he be handed another two years of penal time for his human frailty? I think not, and were there no law to guide us, I would so hold.

In that thought I am also guided by considerations of our 120 day retained jurisdiction statute. The obvious purpose of this benevolent provision is to allow district courts the option of retaining jurisdiction over a sentenced felony defendant for the salutary purpose of withdrawing a person deemed a suitable recipient of beneficence from the maw of the penitentiary.

Here, however, the trial court made it quite clear that 120 day jurisdiction was retained in order to increase defendant's sentence should he fail his trust. That statute was never intended for that purpose. As a result of the Court's holding today, defense counsel may well think twice before requesting that their criminal defendants be placed on 120 day retained jurisdiction.

101 Idaho at 591, 618 P.2d at 769.

HUNTLEY, J., concurs.