**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42771**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Unpublished Opinion No. 661** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: October 16, 2015** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JUSTIN SCOTT COSNER,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

Judgment of conviction and unified sentence of forty years, with a minimum period of confinement of fifteen years, for robbery, <u>affirmed</u>.

Deborah Whipple of Nevin, Benjamin, McKay & Bartlett LLP, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Justin Scott Cosner appeals from his judgment of conviction and sentence for robbery. Specifically, Cosner argues that the district court erred in denying his motion to withdraw his guilty plea and asserts that his sentence is excessive. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Cosner was arrested and charged with two counts of robbery and two counts of kidnapping after he and another man robbed two taxi drivers at gunpoint. Pursuant to a plea agreement, Cosner pled guilty to one count of robbery. I.C. §§ 18-6501 and 18-204. In exchange for Cosner's guilty plea, the state dismissed the remaining robbery and kidnapping charges. Prior to sentencing, Cosner moved to withdraw his guilty plea. The district court

1

denied Cosner's motion and his subsequent motion to reconsider. The district court imposed a unified sentence of forty years, with a minimum term of confinement of fifteen years. Cosner filed an I.C.R. 35 motion for reduction of his sentence, which the district court denied. Cosner appeals.

## II.

## ANALYSIS

### A.      Withdrawal of Guilty Plea

Cosner argues that the district court abused its discretion by denying his motion to withdraw his guilty plea. Idaho Criminal Rule 33(c) provides that a "motion to withdraw a plea of guilty may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw defendant's plea." The exercise of the trial court's discretion is affected by the timing of the motion to withdraw the plea. *State v. Ballard*, 114 Idaho 799, 801, 761 P.2d 1151, 1153 (1988); *State v. Ward*, 135 Idaho 68, 72, 14 P.3d 388, 392 (Ct. App. 2000). As indicated by Rule 33(c), a motion to withdraw a plea made after sentencing may be granted only to correct a manifest injustice. *Ballard*, 114 Idaho at 801, 761 P.2d at 1153. This strict standard is justified to insure that an accused is not encouraged to plead guilty to test the weight of potential punishment and withdraw the plea if the sentence were unexpectedly severe. *Ward*, 135 Idaho at 72, 14 P.3d at 392; *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct. App. 1986).

However, a less rigorous standard applies to a motion made before sentencing. *Ballard*, 114 Idaho at 801, 761 P.2d at 1153; *Ward*, 135 Idaho at 72, 14 P.3d at 392. Nevertheless, withdrawal of a guilty plea before sentence is imposed is not an automatic right. *State v. Dopp*, 124 Idaho 481, 485, 861 P.2d 51, 55 (1993); *Ward*, 135 Idaho at 72, 14 P.3d at 392. A defendant seeking to withdraw a guilty plea before sentencing must show a just reason for withdrawing the plea. *Dopp*, 124 Idaho at 485, 861 P.2d at 55; *Ward*, 135 Idaho at 72, 14 P.3d at 392. The just reason standard does not require that the defendant establish a constitutional defect in his or her guilty plea. *State v. Henderson*, 113 Idaho 411, 413, 744 P.2d 795, 797 (Ct. App. 1987). Once the defendant has met this burden, the state may avoid a withdrawal of the plea by demonstrating the existence of prejudice to the state. *Dopp*, 124 Idaho at 485, 861 P.2d at 55; *Ward*, 135 Idaho

2

at 72, 14 P.3d at 392. The defendant's failure to present and support a plausible reason will dictate against granting withdrawal, even absent prejudice to the prosecution. *Dopp*, 124 Idaho at 485, 861 P.2d at 55; *Ward*, 135 Idaho at 72, 14 P.3d at 392. This Court has noted that "the good faith, credibility, and weight of the defendant's assertions in support of his motion to withdraw his plea are matters for the trial court to decide." *State v. Hanslovan*, 147 Idaho 530, 537, 211 P.3d 775, 782 (Ct. App. 2008); *see also State v. Acevedo*, 131 Idaho 513, 516, 960 P.2d 196, 199 (Ct. App. 1998). This Court has noted that the district court is encouraged to liberally exercise its discretion in granting a motion to withdraw a guilty plea. *State v. Wyatt*, 131 Idaho 95, 97, 952 P.2d 910, 912 (Ct. App. 1998); *Henderson*, 113 Idaho at 414, 744 P.2d at 798.

In this case, Cosner argues that he established a just reason to withdraw his guilty plea. Specifically, he contends that his guilty plea was not entered knowingly, intelligently, and voluntarily because he was not on a medication prescribed to treat his bipolar condition at the time he entered his plea.[1] As found by the district court, at the entry of plea hearing, Cosner unequivocally indicated that he was able to make a reasoned and informed decision. At the hearing, the district court inquired whether Cosner took medication for any physical or mental health problems. Cosner answered that he had been prescribed a medication to treat his bipolar condition. Cosner informed the district court that he had not taken this medication since being incarcerated.[2] The district court then asked, "Does anything about that underlying condition, bipolar, or the medication--the fact that you are not taking it affect your ability to understand the proceedings here today?" Cosner answered, "No, your honor." Next the district court inquired whether Cosner had any other mental condition that might affect his ability to understand the proceedings. Cosner again indicated that he did not. Later in the plea colloquy, Cosner

---

[1] Below, Cosner raised two additional arguments in support of his motion to withdraw his guilty plea--that he did not receive all the pages of his discovery and that he had inadequate time to talk to counsel about discovery and his statements made to police. However, Cosner does not raise these issues on appeal and, therefore, we do not address them.

[2] The record indicates that Cosner voluntarily stopped taking his medication. He told the presentence investigator that he stopped taking the medication in January 2014 because of the drowsiness side effects. At the sentencing hearing, Cosner's counsel acknowledged that it was Cosner's decision to stop taking the medication.

confirmed that he had discussed his guilty plea with his attorney, that his plea was voluntary and in his best interest. The district court accepted Cosner's plea as knowing and voluntary.

Prior to sentencing, Cosner moved to withdraw his guilty plea. In support of his motion, Cosner submitted an affidavit stating that without the medication, he was unable to think clearly and understand the change of plea proceedings. In denying Cosner's motion to withdraw his guilty plea, the district court found that it had conducted an extensive guilty plea colloquy and that Cosner's assertions in support of his motion contradicted his testimony at the change of plea hearing. Moreover, the district court reviewed additional documentary evidence prepared by mental health professionals and found that it rebutted Cosner's claim. The district court found that the evidence indicated that Cosner was capable of thinking clearly at the change of plea hearing despite the absence of the medication. Therefore, the district court held that Cosner had entered a knowing and voluntary plea and failed to show that the absence of the medication in his system when he entered his guilty plea was a just reason to allow him to withdraw his guilty plea.

On appeal, although Cosner again argues that the lack of medication rendered his guilty plea invalid, Cosner fails to provide any evidence (other than his bare assertion) that he was unable to make a rational decision at the time he entered his guilty plea. The good faith, credibility, and weight of Cosner's assertions in support of his plea are matters for the district court to decide. *See Hanslovan*, 147 Idaho at 537, 211 P.3d at 782. We hold that the district court did not abuse its discretion in denying Cosner's motion to withdraw his guilty plea.

**B.     Sentence Review**

Cosner also argues that the sentence imposed by the district court was excessive. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such

4

an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Here, Cosner argues that his sentence exceeds what is required for the protection of society, deterrence, rehabilitation, and punishment or retribution. Specifically he asks this Court to reduce his minimum period of confinement to ten years. At sentencing, the district court noted that Cosner committed a public safety crime. The district court noted that two psychologist evaluations reached similar conclusions that Cosner posed a high risk to the community. The district court further noted that one evaluation concluded that Cosner could reach a situation of moderate risk with treatment and upon reaching at least forty years of age. The district court observed that the sentencing recommendation contained in the plea agreement tracked with these psychological evaluation findings. After considering all the reports, evaluations, and the plea agreement, the district court imposed a unified sentence of forty years, with a minimum term of confinement of fifteen years, consistent with the plea recommendation. We are not persuaded by Cosner's argument and, therefore, hold that Cosner has failed to show that the district court abused its discretion in sentencing.

## IV.

## CONCLUSION

The district court did not err in denying Cosner's motion to withdraw his guilty plea. Further, Cosner has not demonstrated that the district court abused its discretion in sentencing. Therefore, Cosner's judgment of conviction and sentence for robbery is affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.