IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 42701

| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 329 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 19, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JAKE WESLEY JONES, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Richard D. Greenwood, District Judge.

Judgment of conviction, affirmed.

Sara B. Thomas, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Jake Wesley Jones appeals from his judgment of conviction for felony possession of a controlled substance. He argues the district court abused its discretion by denying his motion to withdraw his guilty plea. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Jones was a passenger in a vehicle that was stopped by Boise police. Based on the driver's behavior, the officers believed the driver was under the influence of methamphetamine. Both the driver and Jones were asked to step out of the vehicle and the driver was subsequently arrested. As Jones stepped out of the vehicle, he attempted to take his backpack with him. The officers told Jones they needed to look in the backpack to ensure no weapons were present. Jones objected and refused to consent to the search of the backpack. The officers then told Jones to leave the backpack outside the vehicle.

1

A drug dog was brought to the vehicle and alerted on both the vehicle and the backpack. The officers told Jones they were going to search the backpack, and Jones admitted there were syringes and methamphetamine inside the backpack. Jones was arrested and charged with two counts of felony possession of a controlled substance and some misdemeanors. During the pendency of the case, Jones filed a motion to suppress, and the State charged him with the persistent violator sentencing enhancement. While awaiting decision on the motion to suppress, and while out on bond, Jones was arrested for a misdemeanor and was again found to be in possession of methamphetamine for which he received a new felony charge of possession of a controlled substance.

During plea negotiations, the parties reached a resolution involving both cases. Jones agreed to plead guilty to one count of felony possession of methamphetamine in each case and withdraw the motion to suppress filed in the first case. In exchange, the State agreed to dismiss all other charges, including the persistent violator enhancement. Jones pleaded guilty to one count of possession of methamphetamine in each case pursuant to the plea agreement, and upon motion by the State, the court dismissed all other remaining charges and the persistent violator enhancement. The court ordered a presentence investigation report.

At sentencing, after hearing sentencing recommendations, the court continued the sentencing hearing to have Jones screened for drug court. After reviewing the PSI, hearing sentencing recommendations, and declining to participate in drug court, Jones filed a motion to withdraw his guilty plea on the grounds that he believed his rights had been violated when the officers searched his backpack, and he wished to go forward with the motion to suppress. The district court denied the motion and sentenced Jones to a unified term of incarceration of five years, with one and one-half years indeterminate, to run concurrently to the other case. Jones appealed.

## II.

## STANDARD OF REVIEW

Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court and such discretion should be liberally applied. *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct. App. 1986). The exercise of the trial court's discretion is affected by the timing of the motion to withdraw the plea. *State v. Ballard*, 114 Idaho 799, 801, 761 P.2d 1151, 1153 (1988); *State v. McFarland*, 130 Idaho 358, 361, 941 P.2d 330, 333 (Ct. App. 1997). Although a

less rigorous standard applies, presentence withdrawal of a guilty plea is not an automatic right; the defendant has the burden of showing that a just reason exists to withdraw the plea. *State v. Hawkins*, 117 Idaho 285, 289, 787 P.2d 271, 275 (1990); *State v. Ward*, 135 Idaho 68, 72, 14 P.3d 388, 392 (Ct. App. 2000). Once the defendant has met this burden, the State may still avoid a withdrawal of the plea by demonstrating the existence of prejudice to the State. *State v. Dopp*, 124 Idaho 481, 485, 861 P.2d 51, 55 (1993); *State v. Henderson*, 113 Idaho 411, 414, 744 P.2d 795, 798 (Ct. App. 1987). However, the defendant's failure to present and support a plausible reason will dictate against granting withdrawal, even absent such prejudice. *Dopp*, 124 Idaho at 485, 861 P.2d at 55; *Henderson*, 113 Idaho at 414, 744 P.2d at 798.

Appellate review of the denial of a motion to withdraw a plea is limited to determining whether the district court exercised sound judicial discretion as distinguished from arbitrary action. *Freeman*, 110 Idaho at 121, 714 P.2d at 90.

When a district court's discretionary decision in a criminal case is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

### III.

### ANALYSIS

The first step in analyzing a motion to withdraw a guilty plea is to determine whether the plea was knowingly, intelligently, and voluntarily made. *State v. Colyer*, 98 Idaho 32, 34, 557 P.2d 626, 628 (1976); *State v. Hanslovan*, 147 Idaho 530, 536, 211 P.3d 775, 781 (Ct. App. 2008); *Henderson*, 113 Idaho at 412, 744 P.2d at 796. Additionally, Idaho Criminal Rule 11(c) requires that before a trial court accepts a guilty plea, the record of the entire proceedings-- including reasonable inferences drawn therefrom--show:

(1) The voluntariness of the plea.
(2) The defendant was informed of the consequences of the plea, including minimum and maximum punishments, and other direct consequences which may apply.
(3) The defendant was advised that by pleading guilty the defendant would waive the right against compulsory self-incrimination, the right to trial by jury, and the right to confront witnesses against the defendant.

3

(4)     The defendant was informed of the nature of the charge against him.

(5)     Whether any promises have been made to the defendant, or whether the plea is a result of any plea bargaining agreement, and if so, the nature of the agreement and that the defendant was informed that the court is not bound by any promises or recommendation from either party as to punishment.

Accordingly, the determination that a plea is entered knowingly, intelligently, and voluntarily involves a three-part inquiry: (1) whether the defendant's plea was voluntary in the sense that he or she understood the nature of the charges and was not coerced; (2) whether the defendant knowingly and intelligently waived his or her rights to a jury trial, to confront his or her accusers, and to refrain from self-incrimination; and (3) whether the defendant understood the consequences of pleading guilty. *Dopp*, 124 Idaho at 484, 861 P.2d at 54; *State v. Carrasco*, 117 Idaho 295, 297, 787 P.2d 281, 283 (1990); *Hawkins*, 117 Idaho at 288, 787 P.2d at 274. The trial court need not establish a factual basis for the crimes charged prior to accepting a guilty plea. *State v. Coffin*, 104 Idaho 543, 545, 661 P.2d 328, 330 (1983).

In this case, the record shows the court engaged in a very thorough plea colloquy and the district court properly determined Jones' guilty plea was knowingly, intelligently, and voluntarily entered. Jones completed a written guilty plea advisory form, had the opportunity to review that form with his attorney, and testified under oath the answers were true and correct. Jones indicated he could speak, read, and understand English. The terms of the plea agreement were reviewed and the court specifically addressed with Jones that he would be withdrawing the suppression motion that had been filed:

Court: What I want to make sure from you, Mr. Jones, is you understand that you are giving up forever the opportunity to go back and revisit the legality of the search that led to your arrest in the first case. That's part of the deal here.

Jones: No, I fully understand that, Your Honor.

The court had further discussion with Jones about the decision to withdraw the suppression motion and Jones indicated he was willing to forego the suppression motion in order to move forward with the case and treatment for his addiction. Jones clearly understood the nature of the charges and was not coerced, he knowingly and intelligently waived his constitutional rights, and further understood that one of the consequences of accepting the plea agreement and entering a guilty plea would be the inability to pursue the pending suppression motion.

4

After reviewing his PSI, hearing the State's sentencing recommendation, and declining to participate in drug court, Jones filed his motion to withdraw his guilty plea based on his desire to pursue the motion to suppress the evidence found in his backpack. The district court correctly held that Jones' reasons for wishing to withdraw his plea--wanting to pursue the motion to suppress--was legally insufficient to justify a withdrawal of the guilty plea in the case. Jones' guilty plea was carefully and thoroughly taken, and Jones had been clearly informed of the consequences of going forward with the plea, including waiving the right to proceed with the suppression motion. Jones' later desire to pursue the motion he agreed to forego is legally insufficient to justify a withdrawal of his guilty plea. Because Jones has failed to present and support any claim that the guilty plea was constitutionally infirm or that there was just reason to withdraw the plea, the district court did not abuse its discretion by denying the motion.

## IV.

## CONCLUSION

Jones has failed to show that his guilty plea was not knowing, intelligent, or voluntary. He has also failed to provide a just reason for withdrawing his guilty plea. Thus, the district court did not abuse its discretion by denying Jones' motion to withdraw his guilty plea. Accordingly, Jones' judgment of conviction for possession of a controlled substance is affirmed.

Judge GUTIERREZ and Judge GRATTON **CONCUR**.