14 P.3d 388

**STATE of Idaho, Plaintiff–Respondent,**

**v.**

**John David WARD, Defendant–Appellant.**

**No. 25444.**

Court of Appeals of Idaho.

Aug. 18, 2000.

Rehearing Denied Sept. 15, 2000.

Review Denied Dec. 11, 2000.

Andrew Parnes, Ketchum, for appellant.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

PERRY, Chief Judge.

John David Ward appeals from his judgment of conviction, arguing that the district court erred in denying his motion to withdraw his guilty plea. We affirm.

## I.

## BACKGROUND

In January 1996, Federal Express notified the Blaine County Drug Task Force that two packages containing cocaine had been intercepted in route to destinations in Blaine County. Federal Express forwarded the packages to the task force. Pursuant to a search warrant, task force officers opened and searched the packages. The first package contained a single plastic bag, and the second package contained two plastic bags. The officers conducted field tests of the contents of the plastic bags and concluded that the three bags contained cocaine. The plastic bags were then repackaged for delivery to the intended recipients. The officers successfully delivered the second package and arrested its recipient, who later admitted that Ward mailed the package and that Ward had been supplying the recipient with cocaine for approximately five years.

Ward was initially charged by grand jury indictment with three counts of trafficking in cocaine. Pursuant to a plea agreement, Ward entered an *Alford*[1] plea to one count of delivery of cocaine, and the state agreed to dismiss the remaining charges after sentencing. At his sentencing hearing, Ward informed the district court that he had discovered that the task force officers had videotaped the search of the packages and that he was considering withdrawing his guilty plea. The district court proceeded with the hearing but deferred pronouncement of the sentence. On May 22, 1998, Ward filed a motion to withdraw his guilty plea, arguing that the state failed to disclose and preserve exculpatory evidence. Ward asserted that the state: (1) failed to disclose that the officers performed two tests on the third plastic bag and that the first test yielded a negative result for cocaine; (2) failed to disclose that the officers had videotaped the

testing of the packages; and (3) failed to preserve the videotape, which had been lost or destroyed. After an evidentiary hearing, the district court denied Ward's motion to withdraw his guilty plea. Ward filed a motion for reconsideration, which was also denied by the district court. The district court entered a judgment of conviction and sentenced Ward to a unified term of nine years, with a minimum period of incarceration of three years. Ward appeals.

## II.

## STANDARD OF REVIEW

The decision to grant or deny a motion to withdraw a guilty plea lies in the discretion of the district court. *State v. McFarland,* 130 Idaho 358, 361, 941 P.2d 330, 333 (Ct.App.1997). Appellate review of the denial of a motion to withdraw a plea is limited to whether the district court exercised sound judicial discretion as distinguished from arbitrary action. *Id.* When a district court's discretionary decision in a criminal case is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *State v. Hedger,* 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

## III.

## ANALYSIS

On appeal, Ward argues that the district court erred in denying his motion to withdraw his guilty plea. Idaho Criminal Rule 33(c) provides that a "motion to withdraw a plea of guilty may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw defen-

---

1. *See North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

dant's plea." The exercise of the trial court's discretion is affected by the timing of the motion to withdraw the plea. *State v. Ballard,* 114 Idaho 799, 801, 761 P.2d 1151, 1153 (1988); *McFarland,* 130 Idaho at 361, 941 P.2d at 333. As indicated by Rule 33(c), a motion to withdraw a plea made after sentencing may be granted only to correct a "manifest injustice." *Ballard,* 114 Idaho at 801, 761 P.2d at 1153. This strict standard is justified to insure that an accused is not encouraged to plead guilty to test the weight of potential punishment and withdraw the plea if the sentence were unexpectedly severe. *McFarland,* 130 Idaho at 361, 941 P.2d at 333; *State v. Freeman,* 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct.App.1986).

 However, a less rigorous standard applies to a motion made before sentencing. *Ballard,* 114 Idaho at 801, 761 P.2d at 1153; *McFarland,* 130 Idaho at 361, 941 P.2d at 333. Nevertheless, withdrawal of a guilty plea before sentence is imposed is not an automatic right. *State v. Dopp,* 124 Idaho 481, 485, 861 P.2d 51, 55 (1993); *McFarland,* 130 Idaho at 362, 941 P.2d at 334. A defendant seeking to withdraw a guilty plea before sentencing must show a "just reason" for withdrawing the plea. *Dopp,* 124 Idaho at 485, 861 P.2d at 55; *McFarland,* 130 Idaho at 362, 941 P.2d at 334. The "just reason" standard does not require that the defendant establish a constitutional defect in his or her guilty plea. *State v. Henderson,* 113 Idaho 411, 413, 744 P.2d 795, 797 (Ct.App.1987). Once the defendant has met this burden, the state may avoid a withdrawal of the plea by demonstrating the existence of prejudice to the state. *Dopp,* 124 Idaho at 485, 861 P.2d at 55; *McFarland,* 130 Idaho at 362, 941 P.2d at 334. The defendant's failure to present and support a plausible reason will dictate against granting withdrawal, even absent prejudice to the prosecution. *Dopp,* 124 Idaho at 485, 861 P.2d at 55; *McFarland,* 130 Idaho at 362, 941 P.2d at 334. This Court has noted that the district court is encouraged to liberally exercise its discretion in granting a motion to withdraw a guilty plea. *State v. Wyatt,* 131 Idaho 95, 97, 952 P.2d 910, 912 (Ct.App.1998);*Henderson,* 113 Idaho at 414, 744 P.2d at 798.

Ward sought to withdraw his guilty plea on the ground that the state violated his due process rights by failing to disclose and preserve evidence. Following an evidentiary hearing, the district court determined that Ward's due process rights were not violated and that Ward, therefore, had not shown a just reason for withdrawing his guilty plea. On appeal, Ward argues that the district court erred in determining that his due process rights were not violated.

 Pursuant to the Due Process Clause of the Fourteenth Amendment, criminal prosecutions must comport with the prevailing notions of fundamental fairness. *California v. Trombetta,* 467 U.S. 479, 485, 104 S.Ct. 2528, 2532, 81 L.Ed.2d 413, 419 (1984). Criminal defendants, therefore, have a right to a meaningful opportunity to present a complete defense. *Id.* To safeguard that right, a number of privileges have been created that "might loosely be called the area of constitutionally guaranteed access to evidence." *United States v. Valenzuela–Bernal,* 458 U.S. 858, 867, 102 S.Ct. 3440, 3446, 73 L.Ed.2d 1193, 1202 (1982). "Taken together, this group of constitutional privileges delivers exculpatory evidence into the hands of the accused, thereby protecting the innocent from erroneous conviction and ensuring the integrity of our criminal justice system." *Trombetta,* 467 U.S. at 485, 104 S.Ct. at 2532, 81 L.Ed.2d at 413, 419

 One of those constitutionally protected privileges requires that the prosecution disclose all exculpatory evidence. *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1197, 10 L.Ed.2d 215, 218 (1963); *Grube v. State,* 134 Idaho 24, 27, 995 P.2d 794, 797 (2000); *State v. Dopp,* 129 Idaho 597, 605, 930 P.2d 1039, 1047 (Ct.App.1996). This duty to disclose encompasses impeachment evidence as well as exculpatory evidence. *United States v. Bagley,* 473 U.S. 667, 676, 105 S.Ct. 3375, 3380, 87 L.Ed.2d 481, 490 (1985); *Grube,* 134 Idaho at 27, 995 P.2d at 797. A defendant's due process rights are violated where the prosecution fails to disclose exculpatory evidence that is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. *Brady,* 373 U.S. at 87, 83 S.Ct. at 1197,

10 L.Ed.2d at 218; *Grube,* 134 Idaho at 27, 995 P.2d at 797; *Dopp,* 129 Idaho at 606, 930 P.2d at 1048. Evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *Bagley,* 473 U.S. at 682, 105 S.Ct. at 3383, 87 L.Ed.2d at 494; *Grube,* 134 Idaho at 27, 995 P.2d at 797. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Bagley,* 473 U.S. at 682, 105 S.Ct. at 3383, 87 L.Ed.2d at 494; *Grube,* 134 Idaho at 27, 995 P.2d at 797. In the instant case, Ward pled guilty. Thus, the test of materiality is whether there is a reasonable probability that, but for the state's failure to produce the information, Ward would not have entered the plea but instead would have insisted on going to trial. *See Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203, 210 (1985); *State v. Gardner,* 126 Idaho 428, 436, 885 P.2d 1144, 1152 (Ct.App.1994). Whether the materiality standard is met is a question of law over which this Court exercises free review. *Dopp,* 129 Idaho at 606, 930 P.2d at 1048; *State v. Bruno,* 119 Idaho 199, 201–02, 804 P.2d 928, 930–31 (Ct.App.1990).

■ On appeal, Ward argues that the state violated his due process rights by failing to disclose that the officers performed two field tests on the third plastic bag and that the first test yielded a negative result for cocaine.[2] Initially, we note that the district court did not expressly find that there was in fact a negative test result. The district court found only that "perhaps" there was a negative test result. Assuming, *arguendo,* that there was a negative field test result, we conclude that such evidence would not have been material. It is uncontested that the first two plastic bags contained cocaine. Ward only challenges the state's allegation that the third plastic bag contained cocaine. The record reveals that the contents of the third plastic bag tested positive for cocaine when tested by the Federal Express investigator and subsequently by the Idaho Bureau of Forensic Services in a laboratory. Moreover, the contents of the third plastic bag tested positive for cocaine when the officers performed the second field test. Lastly, the recipient of the package containing the third plastic bag admitted that Ward mailed the package and that Ward had been sending cocaine to the recipient for approximately five years. Thus, the evidence strongly supports that all three plastic bags contained cocaine and that Ward was responsible for the delivery of the three bags. Even if the third bag did not contain cocaine, however, it is undisputed that the first two bags did. Based upon the evidence, we cannot say that our confidence in the outcome of the proceeding below is undermined by the state's failure to disclose evidence. Thus, although the negative test result may have been exculpatory, it would not have been material to Ward's decision to plead guilty. We conclude, therefore, that the state did not violate Ward's due process rights by failing to disclose the negative test result.

■ Ward next argues that the state violated his due process rights by failing to disclose that the officers had videotaped the search of the packages. The uncontested evidence in this case reveals that the officers were unsuccessful in videotaping the testing of the packages. The video camera was not working properly and the tape was of such bad quality that the picture appeared black throughout. According to *Brady* and its progeny, the state need only disclose exculpatory evidence that is material either to guilt or to punishment. *Brady,* 373 U.S. at 87, 83 S.Ct. at 1197, 10 L.Ed.2d at 218; *Grube,* 134 Idaho at 27, 995 P.2d at 797; *Dopp,* 129 Idaho at 606, 930 P.2d at 1048. Because the videotape in the instant case was of no evidentiary value, it could not have been considered exculpatory. Thus, the state did not violate Ward's due process rights by failing to disclose that the officers had attempted to videotape the search of the packages.[3]

---

**2.** Ward also contends that the state failed to disclose that the field testing by the officers produced only "weak-positive" results for cocaine. A review of the record reveals, however, that this information was disclosed by the state prior to Ward entering his plea.

**3.** Ward also asserted at oral argument that the state's failure to disclose the existence of the

Another of those constitutionally protected privileges requires that the state preserve evidence. The state must preserve evidence which possesses an exculpatory value that was apparent before it was destroyed and which is of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means. *Trombetta*, 467 U.S. at 488–89, 104 S.Ct. at 2533–34, 81 L.Ed.2d at 421–22; *Dopp*, 129 Idaho at 606, 930 P.2d at 1048. However, if the contents of destroyed evidence is unknown, and the item is therefore of only potentially exculpatory value, a due process violation will be established only if the government is shown to have acted in bad faith. *Arizona v. Youngblood*, 488 U.S. 51, 57–58, 109 S.Ct. 333, 337, 102 L.Ed.2d 281, 289 (1988).

In the instant case, the district court failed to distinguish between the state's duty to *disclose* evidence and the state's duty to *preserve* evidence. Consequently, the district court erroneously concluded that the *Youngblood* standard reversed prior Supreme Court decisions, such as *Brady*, which did not require a showing of bad faith. The *Youngblood* holding applies only to situations where the state failed to *preserve* potentially exculpatory evidence. Thus, the *Youngblood* holding leaves unchanged the previous holding in *Brady* which provides that a showing of bad faith is not required in order to show a due process violation when the state fails to *disclose* exculpatory evidence. *See Dopp*, 129 Idaho at 606, 930 P.2d at 1048 (a post-*Youngblood* case applying the *Brady* standard).

On appeal, Ward contends that the state violated his due process rights by failing to preserve the videotape that the officers made of the search of the packages. Ward asserts that an expert could have further reviewed the black tape for possible exculpatory evidence. Potentially, the videotape contained exculpatory evidence. However, even if it could be discerned from the tape that one field test yielded a negative result, as we have held above, that evidence would not meet the standard of materiality. In addition, in order to show a due process

violation, Ward was required to demonstrate that the state acted in bad faith when it lost or destroyed the potentially exculpatory videotape. *See Youngblood*, 488 U.S. at 57–58, 109 S.Ct. at 337, 102 L.Ed.2d at 289; *Dopp*, 129 Idaho at 606, 930 P.2d at 1048. The district court found that Ward had failed to show that the state acted in bad faith in losing or destroying the videotape. When a violation of a constitutional right is asserted, the appellate court gives deference to the trial court's factual findings unless those findings are clearly erroneous. *State v. Peightal*, 122 Idaho 5, 7, 830 P.2d 516, 518 (1992); *State v. Knapp*, 120 Idaho 343, 346, 815 P.2d 1083, 1086 (Ct.App.1991). After reviewing the record, we cannot say that the district court's finding is clearly erroneous. Therefore, we conclude that the state did not violate Ward's due process rights in failing to preserve the videotape.

A defendant need not establish a constitutional defect in order to satisfy the "just reason" standard. *State v. Henderson*, 113 Idaho 411, 413, 744 P.2d 795, 797 (Ct.App. 1987). Nevertheless, Ward sought to withdraw his guilty plea solely on the constitutional ground that the state violated his due process rights by failing to disclose and preserve evidence. As discussed above, the state did not violate Ward's due process rights. Therefore, the district court did not abuse its discretion in finding that Ward failed to show a just reason for withdrawing his guilty plea.

## IV.

## CONCLUSION

Based upon the foregoing discussion, we hold that the district court did not abuse its discretion in denying Ward's motion to withdraw his guilty plea. Ward's judgment of conviction is affirmed.

Judge LANSING and Judge Pro Tem SWANSTROM concur.

---

videotape violated I.R.C.P. 16. However, Ward has failed to either list this as an issue on appeal or to make such an argument in the briefing.

Consequently, we will not consider the issue. *See* I.A.R. 35(a)(4); *State v. Howry*, 127 Idaho 94, 95, 896 P.2d 1002, 1003 (Ct.App.1995).