**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44096**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Unpublished Opinion No. 358** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: February 7, 2017** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **BRIAN K. ROBERTS,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Jeff M. Brudie, District Judge.

Judgment of conviction for possession of a financial transaction card, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Brian K. Roberts appeals from his judgment of conviction following his plea of guilty to criminal possession of a financial transaction card. Roberts argues that the district court abused its discretion when it denied Roberts' motion to withdraw his guilty plea. For the reasons set forth below, we affirm.

Roberts was charged with criminal possession of a financial transaction card. I.C. § 18-3125(4). Roberts initially entered a plea of not guilty but later changed his plea to guilty pursuant to a plea agreement. In exchange for Roberts' guilty plea, the State agreed to recommend three years of probation. The district court accepted Roberts' guilty plea. Prior to sentencing, and prior to reviewing the presentence investigation report, Roberts filed a motion to withdraw his guilty plea under I.C.R. 33(c) and a supporting affidavit, in which he asserted that

1

he was innocent of the crime to which he previously pled guilty. The district court denied Roberts' motion. The district court sentenced Roberts to a unified term of three years, with a minimum period of confinement of one and one-half years; suspended the sentence; and placed Roberts on probation for a period of three years. Roberts appeals, challenging the district court's denial of Roberts' motion to withdraw his guilty plea.

Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court and such discretion should be liberally applied. *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct. App. 1986). Appellate review of the denial of a motion to withdraw a plea is limited to determining whether the district court exercised sound judicial discretion as distinguished from arbitrary action. *Id.* Also of importance is whether the motion to withdraw a plea is made before or after sentence is imposed. Idaho Criminal Rule 33(c) provides that a plea may be withdrawn after sentencing only to correct manifest injustice. The stricter standard after sentencing is justified to ensure that the accused is not encouraged to plead guilty to test the weight of potential punishment and withdraw the plea if the sentence were unexpectedly severe. *Freeman*, 110 Idaho at 121, 714 P.2d at 90. Accordingly, in cases involving a motion to withdraw a plea after sentencing, appellate review is limited to reviewing the record and determining whether the trial court abused its sound discretion in determining that no manifest injustice would occur if the defendant was prohibited from withdrawing his or her plea. *State v. Lavy*, 121 Idaho 842, 844, 828 P.2d 871, 873 (1992).

However, a less rigorous standard applies to a motion made before sentencing. *State v. Ballard*, 114 Idaho 799, 801, 761 P.2d 1151, 1153 (1988); *State v. Ward*, 135 Idaho 68, 72, 14 P.3d 388, 392 (Ct. App. 2000). Nevertheless, withdrawal of a guilty plea before sentence is imposed is not an automatic right. *State v. Dopp*, 124 Idaho 481, 485, 861 P.2d 51, 55 (1993); *Ward*, 135 Idaho at 72, 14 P.3d at 392. A defendant seeking to withdraw a guilty plea before sentencing must show a just reason for withdrawing the plea. *Dopp*, 124 Idaho at 485, 861 P.2d at 55; *Ward*, 135 Idaho at 72, 14 P.3d at 392. The just reason standard does not require that the defendant establish a constitutional defect in his or her guilty plea. *State v. Henderson*, 113 Idaho 411, 413, 744 P.2d 795, 797 (Ct. App. 1987). Once the defendant has met this burden, the State may avoid a withdrawal of the plea by demonstrating the existence of prejudice to the State. *Dopp*, 124 Idaho at 485, 861 P.2d at 55; *Ward*, 135 Idaho at 72, 14 P.3d at 392. The

defendant's failure to present and support a plausible reason will dictate against granting withdrawal, even absent prejudice to the prosecution. *Dopp*, 124 Idaho at 485, 861 P.2d at 55; *Ward*, 135 Idaho at 72, 14 P.3d at 392. The good faith, credibility, and weight of the defendant's assertions in support of a motion to withdraw a plea are matters for the trial court to decide. *State v. Hanslovan*, 147 Idaho 530, 537, 211 P.3d 775, 782 (Ct. App. 2008); *see also State v. Acevedo*, 131 Idaho 513, 516, 960 P.2d 196, 199 (Ct. App. 1998). The district court is encouraged to liberally exercise its discretion in granting a motion to withdraw a guilty plea. *State v. Wyatt*, 131 Idaho 95, 97, 952 P.2d 910, 912 (Ct. App. 1998); *Henderson*, 113 Idaho at 414, 744 P.2d at 798.

On appeal, Roberts argues the district court abused its discretion in denying Roberts' motion to withdraw his guilty plea. Mindful of controlling precedent, Roberts contends that his assertion of innocence was just reason for withdrawal of his guilty plea. Below, the district court denied Roberts' motion, finding that a bare assertion of innocence, made after a previous assertion of guilt, was not a valid reason to allow withdrawal of Roberts' guilty plea.

In *State v. Akin*, 139 Idaho 160, 75 P.3d 214 (Ct. App. 2003), we held:

> A declaration of innocence alone does not entitle a defendant to withdraw a guilty plea. The Idaho Supreme Court has held that "a denial of factual guilt is not a just reason for the later withdrawal of the plea, in cases where there is some basis in the record of factual guilt . . . ." If mere assertion of legal innocence were always a sufficient condition for withdrawal, withdrawal would effectively be an automatic right. In determining whether to grant or deny a defendant's withdrawal motion, a court must not only consider his [or her] assertion of innocence, but also the reasons why the claim of innocence was not maintained earlier.

*Id.* at 162-63, 75 P.3d at 216-17 (citations omitted); *see also State v. Hartsock*, 160 Idaho 640, 643, 377 P.3d 1102, 1105 (Ct. App. 2016) (applying *Akin* and holding that the district court acted within its discretion when it determined Hartsock's bare assertion of innocence and regret for entering the guilty plea was not a just reason for allowing withdrawal of her plea after Hartsock had become aware of the contents of the presentence investigation report prior to submitting the motion).

On appeal, Roberts does not challenge the initial entry of his plea but argues that he established a just reason to withdraw his guilty plea. Roberts offered no reason why his pronouncement of innocence was not previously maintained and did not provide a basis for his

requested withdrawal of his plea beyond a profession of innocence. Moreover, Roberts has failed to distinguish controlling precedent or cite contrary authority in order to show that an assertion of innocence constitutes a just reason for the withdrawal of his guilty plea. Therefore, we hold that the district court properly acted within its discretion in determining that Roberts had not shown a just reason for allowing withdrawal of his guilty plea.

Roberts has failed to show that the district court erred in denying his motion to withdraw his guilty plea. Accordingly, Roberts' judgment of conviction for criminal possession of a financial transaction card is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.