**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50807**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: October 1, 2024 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| TRISTAN DOUGLAS NUBY, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Order denying motion to withdraw guilty plea, <u>affirmed</u>; judgment of conviction and sentence for sexual abuse of a child, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Tristan Douglas Nuby appeals from the district court's denial of his motion to withdraw his guilty plea. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged Nuby with two counts of lewd conduct with minor child under sixteen in violation of Idaho Code § 18-1508 and one count of sexual abuse of a child under the age of sixteen years in violation of I.C. § 18-1506 and alleged him to be a persistent violator. Four days before the trial, Nuby accepted a plea agreement offered by the State pursuant to which Nuby entered an *Alford*[1] plea to one count of sexual abuse of a child under the age of sixteen years and

_____

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

the other two charges were dismissed. The district court accepted the plea and scheduled a sentencing hearing. Thirteen days after entry of his plea, Nuby filed a motion to withdraw his guilty plea. The district court denied Nuby's motion, finding he had failed to show a just reason for withdrawing his guilty plea, based on its application of the factors in *State v. Sunseri*, 165 Idaho 9, 14, 437 P.3d 9, 14 (2018). Nuby appeals.

## II.

## STANDARD OF REVIEW

A trial court's denial of motion to withdraw a guilty plea is reviewed under the abuse of discretion standard. *Id.* When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Nuby argues the district court abused its discretion when it denied his motion to withdraw his guilty plea. Specifically, he contends the district court's decision to deny his motion was inconsistent with applicable legal standards and was reached by a failure to exercise reason. The State argues the district court did not abuse its discretion because it correctly determined the applicable law weighed against granting the motion and Nuby had not met his burden of showing a just reason for withdrawing his guilty plea.

Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court, and such discretion should be liberally applied. *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct. App. 1986). Nevertheless, withdrawal of a guilty plea before sentence is imposed is not an automatic right. *State v. Dopp*, 124 Idaho 481, 485, 861 P.2d 51, 55 (1993); *State v. Ward*, 135 Idaho 68, 72, 14 P.3d 388, 392 (Ct. App. 2000).

A defendant seeking to withdraw a guilty plea before sentencing must show a just reason for withdrawing the plea. *Dopp*, 124 Idaho at 485, 861 P.2d at 55; *Ward*, 135 Idaho at 72, 14 P.3d at 392. The just reason standard does not require that the defendant establish a constitutional defect in his or her guilty plea. *State v. Henderson*, 113 Idaho 411, 413, 744 P.2d 795, 797 (Ct. App.

2

1987).  Appellate review of the denial of a motion to withdraw a plea is limited to determining whether the district court exercised sound judicial discretion as distinguished from arbitrary action. *Herrera*, 164 Idaho at 270, 429 P.3d at 158.  Once the defendant has met this burden, the State may avoid a withdrawal of the plea by demonstrating the existence of prejudice to the State.  *Dopp*, 124 Idaho at 485, 861 P.2d at 55; *Ward*, 135 Idaho at 72, 14 P.3d at 392.  The defendant's failure to present and support a plausible reason will dictate against granting withdrawal, even absent prejudice to the prosecution.  *Dopp*, 124 Idaho at 485, 861 P.2d at 55; *Ward*, 135 Idaho at 72, 14 P.3d at 392.  The good faith, credibility, and weight of the defendant's assertions in support of a motion to a withdraw plea are matters for the trial court to decide.  *State v. Hanslovan*, 147 Idaho 530, 537, 211 P.3d 775, 782 (Ct. App. 2008); *see also State v. Acevedo*, 131 Idaho 513, 516, 960 P.2d 196, 199 (Ct. App. 1998).

Nuby's motion was filed prior to sentencing so he must show a just reason to withdraw his guilty plea.  *Dopp*, 124 Idaho at 485, 861 P.2d at 55.  The Idaho Supreme Court has explained application of the just reason standard as follows:

> The determination whether a defendant has shown a just reason for withdrawal of the plea is a factual decision committed to the discretion of the trial court.  Given the fact-intensive nature of the inquiry, this Court has not previously attempted to define what constitutes a "just reason" for withdrawal of a guilty plea.  Among other factors, the trial court should consider:  (1) whether the defendant has credibly asserted his legal innocence; (2) the length of delay between the entry of the guilty plea and the filing of the motion; (3) whether the defendant had the assistance of competent counsel at the time of the guilty plea; and (4) whether the withdrawal of the plea will inconvenience the court and waste judicial resources.

*Sunseri*, 165 Idaho at 14, 437 P.3d at 14.

As a preliminary matter, a plea must be entered knowingly, intelligently, and voluntarily to pass constitutional muster.  *Id.*  The district court found Nuby's plea was constitutional, and he does not appeal that determination.  Nuby claimed that he should be able to withdraw his guilty plea because he was not guilty of the offense and felt pressured into entering a guilty plea.  The State argues that Nuby does not provide any evidentiary support for his reason to withdraw his guilty plea, let alone a just reason.  We agree.  Nuby presented no evidence of pressure from any source outside of the usual pressure associated with the decision to plead guilty, combined with the proximity to trial, which was four days away.  Similarly, Nuby presented no evidence or defense supporting his claim of innocence.  The fact that Nuby entered an *Alford* plea, by itself, is not evidence of innocence.  The district court essentially concurred with the State during the

3

motion hearing, explaining that he "maintains his factual innocence but standing alone, that's not enough." *See Hanslovan*, 147 Idaho at 537, 211 P.3d at 782 ("A mere assertion of innocence, by itself, is not grounds to withdraw a guilty plea."). The district court found that Nuby's reasons to withdraw his guilty plea were insufficient reasons. The rejection of Nuby's reasons ends the "just reason" inquiry because once the district court concluded the reason was invalid, it was unnecessary to determine if that invalid reason was "just." The district court clearly recognized that Nuby's reasons were insufficient and contradicted by the record and therefore performing the *Sunseri* analysis was a matter of ensuring thoroughness. Nuby's motion, based on Nuby's bare and conclusory assertions alone, failed to present to the district court a supportable reason to have his guilty plea withdrawn.

Under the applicable legal standards, Nuby also fails to show a just reason to withdraw his guilty plea. The first *Sunseri* factor requires the defendant to credibly assert their legal innocence. The district court found the first *Sunseri* factor was neutral or even favored Nuby because he didn't admit his guilt in his *Alford* plea. Yet the district court went on to explain that it only accepted the *Alford* plea because it decided that the State had enough evidence against Nuby to prove its case. The district court elaborated:

> Well, he's asserted his legal innocence. He didn't admit his guilt when he entered the plea because it's an *Alford* plea. Now, of course, I'm familiar with some of the State's evidence of guilt. I've watched the CARES video, and I've seen the victim's rendition, her version, of what happened to her. And so, certainly, it's a situation in which the State has a provable case. Had it not had a provable case, I wouldn't have accepted the *Alford* plea. But I suppose factor one is at least a neutral factor because the Defendant has asserted his legal innocence, and the *Alford* plea doesn't contradict his legal innocence in some ways. So perhaps even a factor that favors letting him withdraw the plea.

The district court stated during the plea hearing that it had reviewed the evidence, and the State was certainly capable of presenting evidence sufficient to support a finding of guilty. The district court further found there was no just reason to allow the withdrawal of the otherwise valid plea. The district court further noted that Nuby's plea was entered after a deliberative process and that Nuby made the best decision he could at the time. In light of those and other findings, the district court concluded, there was not a just reason to permit Nuby to withdraw his plea. A district court has wide discretion to determine whether there is a strong factual basis for an *Alford* plea. *State v. Goullette*, ___ Idaho ___, ___, 550 P.3d 277, 285 (2024).

4

When a defendant enters an *Alford* plea, they enter a plea of guilty because there is enough evidence for the prosecution to prove its case. *State v. Easley*, 156 Idaho 214, 217 n.1, 322 P.3d 296, 299 n.1 (2014). The district court made this clear to Nuby on the record, and there were plenty of opportunities during the discussion with the district court for Nuby to refuse to enter the plea. In fact, the district court noted that entering the plea was a hard decision for Nuby. Despite the district court's credit to Nuby for his assertion of innocence, the strength of the evidence of guilt and the lack of evidence of innocence favors denial of the motion to withdraw under the first *Sunseri* factor.

The second factor requires a trial court to consider the length of delay between the entry of a plea and the motion to withdraw it. The district court found this factor was neutral and neither party contested the finding.

The third *Sunseri* factor asks whether the defendant had competent counsel at the time of the guilty plea. Nuby does not dispute the district court's determination that his counsel was competent, though he did complain at the plea hearing that he believed his counsel was not doing enough. Nuby's complaints were addressed at the plea hearing by both his counsel and opposing counsel, and the district court found no basis to conclude he did not have competent counsel. The extensive discussion revealed that Nuby's grievances consisted more of his frustration with the limits of his options, and not his counsel's incompetence. During the plea hearing, the prosecutor took the initiative to support Nuby's counsel by clarifying that active plea negotiations and specific change requests had been made on Nuby's behalf. This clarification satisfied the district court, which subsequently allowed the entry of the *Alford* plea. Therefore, the third factor does not weigh in Nuby's favor.

The fourth *Sunseri* factor asks whether the withdrawal of the plea will inconvenience the trial court and waste judicial resources. The district court concluded that whether a withdrawal of the plea will inconvenience the court and waste judicial resources "is another factor that, under the circumstances, disfavors allowing withdrawal of the plea." The district court stated it had given Nuby's trial a priority setting for April 11, 2023, over another case, and the court had pushed that case "on down the road." However, Nuby entered his *Alford* plea on April 7, 2023, which meant that the April 11, 2023, court date for trials had been left unused--as the district court explained, "I had no case to try on April 11th instead of two." The district court concluded:

So there was--there was a[n] inconvenience to the Court and a waste of resources associated with--or would be with allowing him to withdraw the plea under the circumstances. I've got to reset the--I would have to reset the case for trial and try it after the timing of the plea, and the subsequent motion to withdraw prevented me from trying either of the two cases that were set for trial and supposedly ready to go to trial on April 11th.

Nuby suggests that the district court failed to exercise reason by interpreting the fourth factor retroactively. This view fails to recognize that the modification of the district court's trial schedule has a domino effect on the court's *prospective* schedule because, as the district court mentioned, the other case had to be scheduled for a later trial. A trial that is rescheduled does not simply disappear but must be tried in the future and hence the effects of Nuby's case are prospective.[2] Therefore, the fourth *Sunseri* factor also weighs against allowing Nuby to withdraw his guilty plea.

The district court considered the *Sunseri* factors, as well as Nuby's claims of just reason to withdraw his guilty plea. The district court correctly perceived its decision as one of discretion, acted within the boundaries of such discretion, acted consistently with the legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. Nuby has failed to show that the district court erred in denying his motion to withdraw his guilty plea.

## IV.

## CONCLUSION

The district court did not abuse its discretion in denying Nuby's motion to withdraw his guilty plea. Therefore, Nuby's judgment of conviction for sexual abuse of a minor is affirmed.

Judge HUSKEY and Judge TRIBE **CONCUR**.

---

[2] Nuby also claims the district court was incorrect when it said he had "grabbed an extension of the speedy trial clock," further implicating the inconvenience and waste in the fourth factor. Nuby relies on *State v. Folk*, 151 Idaho 327, 331-32, 256 P3d 735, 739-40 (2011) to suggest that since he had waived his rights to a speedy trial and that the court was legally incorrect on this point. Yet, *Folk* does not endorse this precise proposition. If Nuby were granted his motion, he most certainly could argue the case should be returned to its original status and therefore his speedy trial clock must be reset. While it is true that the withdrawal of a guilty plea is an interlocutory order and therefore the re-attachment of Nuby's constitutional right to a speedy trial is not absolute, there is nothing preventing him from asserting it. *See State v. Riggins*, 160 Idaho 723, 728, 378 P.3d 513, 518 (Ct. App. 2016) (holding that the restoration of constitutional rights after a court grants a motion to withdraw a guilty plea and orders a new trial are not irrevocable since this order may be reconsidered by a reviewing court). Accordingly, Nuby has not shown that the district court was legally incorrect to suggest that he may attain an extension of his speedy trial clock.

6