**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51104**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: January 28, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| KEVIN MICHAEL RAYNOR, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Judgment of conviction for lewd conduct with a minor child under sixteen, affirmed.

Silvey Law Office Ltd; Greg S. Silvey, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Kevin Michael Raynor appeals from the district court's order denying his motion to withdraw his guilty plea. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged Raynor with two counts of lewd conduct with a minor child under sixteen in violation of Idaho Code § 18-1508. Pursuant to a plea agreement, Raynor pled guilty to one count of lewd conduct, and the remaining count was dismissed. Three days before the sentencing hearing, Raynor filed a motion to withdraw his guilty plea. The district court denied Raynor's motion, finding his plea was constitutionally valid and that, based on its application of the factors in *State v. Sunseri*, 165 Idaho 9, 14, 437 P.3d 9, 14 (2018), Raynor had failed to show a just reason for withdrawing his guilty plea. Raynor appeals.

1

## II.

## STANDARD OF REVIEW

A trial court's denial of a motion to withdraw a guilty plea is reviewed under the abuse of discretion standard. *State v. Dopp*, 124 Idaho 481, 483, 861 P.2d 51, 53 (1993). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Raynor claims the district court abused its discretion when it denied his motion to withdraw his guilty plea. Raynor further argues that the sentence imposed by the district court was unreasonable. The State asserts the district court did not abuse its discretion in denying Raynor's motion to withdraw his guilty plea because it correctly determined the *Sunseri* factors weighed against granting the motion. The State further argues that Raynor has not shown that the district court abused its sentencing discretion.

### A. Motion to Withdraw Guilty Plea

Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court and such discretion should be liberally applied. *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct. App. 1986). Nevertheless, withdrawal of a guilty plea before sentence is imposed is not an automatic right. *Dopp*, 124 Idaho at 485, 861 P.2d at 55; *State v. Ward*, 135 Idaho 68, 72, 14 P.3d 388, 392 (Ct. App. 2000). A defendant seeking to withdraw a guilty plea before sentencing must show a just reason for withdrawing the plea. *Dopp*, 124 Idaho at 485, 861 P.2d at 55; *Ward*, 135 Idaho at 72, 14 P.3d at 392. The just reason standard does not require that the defendant establish a constitutional defect in his or her guilty plea. *State v. Henderson*, 113 Idaho 411, 413, 744 P.2d 795, 797 (Ct. App. 1987). However, as a threshold matter, the defendant can establish just cause as a matter of law by showing that the plea was not taken in compliance with constitutional due process standards, which require that a plea be entered voluntarily, knowingly, and intelligently. *Sunseri*, 165 Idaho at 14, 437 P.3d at 14. Once the defendant has met this burden, the State may avoid a withdrawal of the plea by demonstrating the existence of prejudice to the

2

State. *Dopp*, 124 Idaho at 485, 861 P.2d at 55; *Ward*, 135 Idaho at 72, 14 P.3d at 392. The defendant's failure to present and support a plausible reason will dictate against granting withdrawal, even absent prejudice to the prosecution. *Dopp*, 124 Idaho at 485, 861 P.2d at 55; *Ward*, 135 Idaho at 72, 14 P.3d at 392.

Raynor's motion was filed prior to sentencing so he must show a just reason to withdraw his guilty plea. *Dopp*, 124 Idaho at 485, 861 P.2d at 55. The Idaho Supreme Court has explained application of the just reason standard as follows:

> The determination whether a defendant has shown a just reason for withdrawal of the plea is a factual decision committed to the discretion of the trial court. Given the fact-intensive nature of the inquiry, this Court has not previously attempted to define what constitutes a "just reason" for withdrawal of a guilty plea. Among other factors, the trial court should consider: (1) whether the defendant has credibly asserted his legal innocence; (2) the length of delay between the entry of the guilty plea and the filing of the motion; (3) whether the defendant had the assistance of competent counsel at the time of the guilty plea; and (4) whether the withdrawal of the plea will inconvenience the court and waste judicial resources.

*Sunseri*, 165 Idaho at 14, 437 P.3d at 14. The good faith, credibility, and weight of the defendant's assertions in support of a motion to withdraw a plea are matters for the trial court to decide. *State v. Hanslovan*, 147 Idaho 530, 537, 211 P.3d 775, 782 (Ct. App. 2008).

As a preliminary matter, Raynor has failed to show his guilty plea was not entered knowingly, intelligently, and voluntarily. The district court stated:

> The motion doesn't give me anything that I can use to arrive at a conclusion that the plea wasn't knowingly, intelligently, and voluntarily made. I, of course, took the plea myself. I recall the plea hearing. I listened to the tape of the plea hearing before--before today again, and there was nothing in my mind that was irregular in some way or cast doubt on the voluntariness of the plea.
> And when it came time to inquire of the defendant about what he did to be guilty, the defendant responded to my questions in a very matter of fact and appropriate way. There was no hemming and hawing. There was no--there was no--there was no apparent dodge of any sort. He admitted--he admitted the allegation, and I have no reason to doubt that he understood full well what he was doing at the time, so the plea is constitutionally valid. So that's the end of the first step of the analysis.

Raynor claims that the district court "knew enough" to address and not simply "pass over" the constitutionality of Raynor's guilty plea. Contrary to Raynor's claim, the district court considered the arguments, reviewed the record, and took time to explain why the plea was constitutional. Raynor further claims that the district court should have inquired of Raynor as to what he meant by ineffective assistance of counsel. On appeal, Raynor suggests that such alleged

3

ineffectiveness may have played a role in the guilty plea, especially because counsel advised the district court that an *Alford*[1] plea had been discussed and rejected. First, Raynor cites no authority for the proposition that the district court had a duty to inquire. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Second, Raynor did not argue to the district court that counsel had been ineffective incident to the entry of the guilty plea. Moreover, the district court had been advised that Raynor did not wish to put the particulars of his claim of ineffective assistance on the record, so there was no reason for the district court to inquire further. Therefore, Raynor has failed to show that his guilty plea was not taken in compliance with constitutional due process standards.

Raynor also fails to show a just reason to withdraw his guilty plea. The first *Sunseri* factor requires the defendant to credibly assert legal innocence. The district court found this factor did not weigh in Raynor's favor because his motion to withdraw effectively amounted to a bare assertion of innocence. Furthermore, the district court stated that Raynor's assertion of innocence contradicted the "straightforward way" he pled guilty. While, on appeal, Raynor claims that his explanation of his conduct was consistent, the district court found that Raynor's "story" as to his innocence was not particularly plausible or credible. Therefore, the district court did not err in finding the first *Sunseri* factor weighed against withdrawal of the guilty plea.

The second *Sunseri* factor requires a trial court to consider the length of delay between the entry of a plea and the motion to withdraw. Here, there were over two months that passed between the entry of the guilty plea and filing the motion to withdraw. Additionally, Raynor filed his motion to withdraw only three days before sentencing. Raynor contends the district court should have considered that his first counsel, at the time of hearing on counsel's motion to withdraw as counsel, heard several weeks before sentencing, indicated that Raynor may file a motion to withdraw his guilty plea when determining the length of delay. However, Raynor provides no authority that such an indication of intent is relevant to the standard measuring "the length of delay between the entry of the guilty plea and the filing of the motion." *Sunseri*, 165 Idaho at 14, 437 P.3d at 14. The record supports the district court's finding that this factor weighs against Raynor's motion to withdraw.

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

The third *Sunseri* factor asks whether the defendant had competent counsel at the time of the guilty plea. The district court found:

> [Raynor] did have the assistance of competent counsel. I understand he's dissatisfied with counsel, but I don't have any--I don't have any explanation as to why, so I'm not able to evaluate that. And so that--it seems to me that factor also favors against--weighs against finding a just reason to withdraw the plea.

As noted by the district court, Raynor provided no explanation as to why he felt his counsel may have been ineffective. Raynor's suggestions on appeal as to how counsel may have been ineffective were not presented to the district court and, moreover, are not supported by the record. The district court correctly found that the third *Sunseri* factor also weighs against Raynor's motion to withdraw.

The fourth *Sunseri* factor asks whether the withdrawal of the plea will inconvenience the trial court and waste judicial resources. The district court concluded that this factor was neutral because there were no particularly troubling inconveniences the court or counsel would face. Neither party disputes the finding.

Raynor's guilty plea was knowing, intelligent, and voluntary. The district court's findings relative to the *Sunseri* factors are supported by the record. The district court correctly applied the *Sunseri* factors. Raynor has failed to show that the district court erred in denying his motion to withdraw his guilty plea.

**B.    Sentencing**

Lastly, Raynor contends that his sentence is excessive. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

## IV.

## CONCLUSION

The district court did not abuse its discretion in denying Raynor's motion to withdraw his guilty plea or in sentencing. Therefore, Raynor's judgment of conviction for lewd conduct with a minor child under sixteen is affirmed.

Judge HUSKEY and Judge TRIBE **CONCUR**.