**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50628**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: August 13, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| NICHOLAS JOHN CAMPBELL, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. James S. Cawthon, District Judge.

Order denying motion to withdraw guilty pleas, <u>affirmed</u>; judgment of conviction and aggregate sentence of forty-five years determinate, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Nicholas John Campbell appeals from the district court's judgment of conviction. Campbell argues that the district court erred in denying his motion to withdraw his guilty pleas. Campbell also claims that the district court abused its discretion in imposing excessive sentences. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Campbell was indicted for battery with intent to commit a serious felony, Idaho Code §§ 18-903, 18-911, enhanced by infliction of great bodily injury during the commission of a crime, I.C. § 19-2520B, and felony concealment or destruction of evidence, I.C. §§ 18-2603, 19-304. The State also filed an Information Part II, charging Campbell with the persistent violator sentencing enhancement under I.C. § 19-2514. The charges stemmed from an attack on the victim, M.B., in

1

which Campbell grabbed her from behind while she was out jogging early one morning and choked her until she lost consciousness. When M.B. regained consciousness, she was face down in the middle of the street and Campbell was sitting on top of her legs masturbating, trying to insert his penis into her vagina, and grabbing her breasts. Approximately eighteen months later, K.S., an ex-girlfriend of Campbell, read a news article about the assault and reported that Campbell could be the attacker as he had committed similar assaults on K.S. while they were dating. After further investigation, Campbell was arrested. Upon being informed of Campbell's arrest, K.S. became emotional and said that Campbell had admitted to her that he attacked M.B. after stalking her, and that he had cut up the gray sweatpants he had worn and dispersed the pieces in different trash cans.

While in custody, Campbell sent a letter to the district court in which he exhibited paranoid and delusional thinking. Campbell's counsel filed a motion for a psychiatric examination, pursuant to I.C. § 18-211, to determine whether Campbell was competent to proceed, which the district court granted. Based on an evaluation, which included a determination that Campbell was dangerously mentally ill, the district court ordered Campbell committed to the Idaho Department of Correction (IDOC) until his competency could be restored. Subsequently, an IDOC psychologist determined that Campbell's competency was restored.

Pursuant to a plea agreement with the State, Campbell entered *Alford*[1] pleas to the charges, and the State agreed to dismiss the sentencing enhancement. At the sentencing hearing, it was noted that Campbell did not participate in the presentence investigation (PSI) interview but indicated he would like to do so. The district court continued the hearing to allow Campbell to submit additional materials. Nearly three months later, Campbell moved to withdraw his guilty pleas, stating that he did not admit to doing the acts alleged, although recognizing the evidence was sufficient to find him guilty, and that he did not remember committing the crime. At the hearing on the motion, Campbell claimed that the basis to withdraw his guilty pleas was that he was not competent to enter the pleas. After a hearing, the district court denied the motion to withdraw. The district court imposed consecutive sentences of forty years determinate for battery with intent to commit a serious felony, with the enhancement for infliction of great bodily injury during the commission of a crime, and five years determinate for concealment of evidence, for a total aggregate sentence of forty-five years determinate. Campbell appeals.

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

## II.

## STANDARD OF REVIEW

A trial court's denial of a motion to withdraw a guilty plea is reviewed under the abuse of discretion standard. *State v. Dopp*, 124 Idaho 481, 483, 861 P.2d 51, 53 (1993). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Campbell claims the district court erred in denying his motion to withdraw his guilty pleas. Campbell argues that his guilty pleas were not entered knowingly, intelligently, and voluntarily, as he was not competent to enter the guilty pleas. Alternatively, Campbell claims that the district court abused its discretion in imposing an excessive aggregate sentence.

## A.      Withdrawal of Guilty Pleas

Campbell contends that the district court erred in denying his motion to withdraw his guilty pleas, claiming that his pleas were not knowing, intelligent, and voluntary because of his mental incompetence.

Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court and such discretion should be liberally applied. *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct. App. 1986). Nevertheless, withdrawal of a guilty plea before sentence is imposed is not an automatic right. *Dopp*, 124 Idaho at 485, 861 P.2d at 55; *State v. Ward*, 135 Idaho 68, 72, 14 P.3d 388, 392 (Ct. App. 2000). A defendant seeking to withdraw a guilty plea before sentencing must show a just reason for withdrawing the plea. *Dopp*, 124 Idaho at 485, 861 P.2d at 55; *Ward*, 135 Idaho at 72, 14 P.3d at 392. The just reason standard does not require that the defendant establish a constitutional defect in his or her guilty plea. *State v. Henderson*, 113 Idaho 411, 413, 744 P.2d 795, 797 (Ct. App. 1987). However, as a threshold matter, the defendant can establish just cause as a matter of law by showing that the plea was not taken in compliance with constitutional due process standards, which require that a plea be entered voluntarily, knowingly, and intelligently. *State v. Sunseri*, 165 Idaho 9, 14, 437 P.3d 9, 14 (2018). Once the defendant

3

has met this burden, the State may avoid a withdrawal of the plea by demonstrating the existence of prejudice to the State. *Dopp*, 124 Idaho at 485, 861 P.2d at 55; *Ward*, 135 Idaho at 72, 14 P.3d at 392. The defendant's failure to present and support a plausible reason will dictate against granting withdrawal, even absent prejudice to the prosecution. *Dopp*, 124 Idaho at 485, 861 P.2d at 55; *Ward*, 135 Idaho at 72, 14 P.3d at 392. The Idaho Supreme Court has explained application of the just reason standard as follows:

> The determination whether a defendant has shown a just reason for withdrawal of the plea is a factual decision committed to the discretion of the trial court. Given the fact-intensive nature of the inquiry, this Court has not previously attempted to define what constitutes a "just reason" for withdrawal of a guilty plea. Among other factors, the trial court should consider: (1) whether the defendant has credibly asserted his legal innocence; (2) the length of delay between the entry of the guilty plea and the filing of the motion; (3) whether the defendant had the assistance of competent counsel at the time of the guilty plea; and (4) whether the withdrawal of the plea will inconvenience the court and waste judicial resources.

*Sunseri*, 165 Idaho at 14, 437 P.3d at 14. The good faith, credibility, and weight of the defendant's assertions in support of a motion to withdraw a plea are matters for the trial court to decide. *State v. Hanslovan*, 147 Idaho 530, 537, 211 P.3d 775, 782 (Ct. App. 2008).

When the minimum requirements of Idaho Criminal Rule 11 are met, there is a prima facie showing that a plea was entered into knowingly and voluntarily. *Sunseri*, 165 Idaho at 14 n.4, 437 P.3d at 14 n.4. In addressing Campbell's claim that his pleas were constitutionally invalid, the district court applied I.C.R. 11(c) requirements. The district court reviewed the recording of the change of plea hearing conducted before a different district judge and found that the I.C.R. 11 requirements were met. Based on these findings, the district court held that Campbell's guilty pleas were constitutionally valid:

> This is an almost 19-minute proceeding to this point in terms of the guilty plea that was taken. Mr. Campbell's answers are appropriate. He answers with alacrity to the question the Court is asking. He appears from this recording to be in control of his faculties. He is able to understand what is being asked of him and able to respond appropriately with the Court without assistance.
> There's nothing in this recording to indicate a question as to the competency of Mr. Campbell during the proceeding, and it appears to the Court for purposes of Rule 11(c) that it was a voluntary guilty plea.

Campbell's claim on appeal centers on his assertion that his guilty pleas were not knowing, intelligent, and voluntary and, thus, as a matter of law, were not taken in compliance with constitutional due process standards. Campbell argues that he suffers from schizoaffective

disorder, depression, bipolar disorder, anxiety, post-traumatic stress disorder, attention deficit hyperactivity disorder, and paranoia. The district court considered these diagnoses. Campbell points to his commitment to the IDOC for competency restoration, but acknowledges that after several weeks of treatment, he was deemed competent. Lastly, Campbell refers to statements made by trial counsel about challenges working with Campbell relative to the PSI and notes the presentence investigator did not make a sentencing recommendation. However, the PSI occurred after the guilty pleas and is not shown to bear on Campbell's competency to enter the guilty pleas.

Campbell does not challenge any of the district court's findings relating to satisfaction of the I.C.R. 11 requirements. Campbell fails to point to any direct evidence of incompetency at the time of entry of his guilty pleas. The district court's findings are supported by substantial and competent evidence in the record. Campbell provides no argument regarding the district court's findings and conclusions in application of the *Sunseri* just reason factors, relying solely on the claim of incompetency. Thus, he has waived any challenge to the district court's consideration of those factors. Campbell's guilty pleas were entered knowingly, intelligently, and voluntarily. Campbell has not shown that the district court abused its discretion in denying his motion to withdraw his guilty pleas.

**B.     Sentencing**

Campbell claims that the district court abused its discretion in imposing an aggregate sentence of forty-five years determinate. Campbell argues that the district court should have sentenced him to a lesser term of imprisonment in light of the mitigating factors, including his tumultuous childhood, severe mental health issues, and family support.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

## IV.

## CONCLUSION

Campbell has not shown that the district court abused its discretion in denying his motion to withdraw his guilty pleas or in imposing sentence. Therefore, the district court's order denying Campbell's motion to withdraw guilty pleas and judgment of conviction are affirmed.

Judge LORELLO and Judge Pro Tem MELANSON **CONCUR**.